**Chandler Nelson HUGHES, Plaintiff-Appellant,**

v.

**HALIFAX COUNTY SCHOOL BOARD; James Gregory; Herbert Lloyd; Julian Harrison, Defendants-Appellees,**

and

**Tommy Lacks, Defendant.**

No. 86–2653.

United States Court of Appeals, Fourth Circuit.

Argued May 5, 1987.

Decided July 22, 1987.

---

Stephen Winston Bricker (Bremner Baber & Janus, Richmond, Va., on brief), for plaintiff-appellant.

John Adrian Gibney, Jr. (D. Patrick Lacy, Jr., Lacy & Mehfoud, P.C., Richmond, Va., Don P. Bagwell, Sr., Bagwell, Bagwell & Bagwell, Halifax, Va., and Franklin Slayton, South Boston, Va., on brief), for defendants-appellees.

Before ERVIN and WILKINSON, Circuit Judges, and VAN GRAAFEILAND, Senior Circuit Judge for the Second Circuit, sitting by designation.

ERVIN, Circuit Judge:

Chandler Nelson Hughes appeals the denial of his motion for entry of judgment, pursuant to Fed.R.Civ.P. 58. Rule 58 re-

quires that all judgments be entered on a document separate from the accompanying opinion. In denying Hughes's motion, the district court ruled that its five-page order complied with the separate document requirement, making an entry of judgment unnecessary. After considering the five-page order in light of pronouncements by the Supreme Court and this court, we disagree. Accordingly, we reverse the district court's denial of Hughes's motion for entry of judgment.

## I.

Chandler Nelson Hughes, formerly a maintenance worker with the Halifax County School Board ("the Board"), sued the Board, his supervisor, Julian Harrison, and his coworkers, including Herbert Lloyd and James Gregory. Hughes, who is black, alleged that, as a result of a mock lynching by his white coworkers, he suffered injuries and was fired from his job.

Hughes's complaint included various federal and state law claims, most of which were dismissed during trial. The remaining claims, which were submitted to the jury, included: a civil rights claim under the first amendment and 42 U.S.C. § 1983 (1982), and state tort claims for assault and battery and intentional infliction of emotional distress. The district court indicated that it was submitting the § 1983 claim to the jury merely for purposes of preserving the issue for appeal, and that it would enter judgment for the defendants on that claim, regardless of the jury's verdict.

After the jury returned a special verdict for Hughes on the civil rights claim, the court granted defendants' motion for a judgment notwithstanding the verdict ("j.n. o.v.") on this claim. The jury also found against defendant Lloyd on the state law claims, and awarded Hughes $5,000 in compensatory damages, $5,000 in punitive damages, and $18,879 in lost wages. Lloyd subsequently moved for a j.n.o.v. on the assessment of lost wages against him.

On August 12, 1986, the trial court entered the five-page order which is the focus of this appeal. The first four pages dis-

cuss Lloyd's motion for a j.n.o.v. The last section of the order reads:

Accordingly, it is hereby ADJUDGED and ORDERED that:

1. Judgment be entered in favor of the School Board and Harrison.

2. Judgment be entered in favor of Gregory.

3. Judgment be entered in favor of Plaintiff Hughes against Lloyd in the amount of $5,000.00 compensatory damages and $5,000.00 punitive damages, but not the $18,879.00 in lost wages.

4. The Clerk is directed to send a certified copy of this Order to all counsel of record.

5. And nothing further remaining to be done in this case, it is hereby dismissed and stricken from the active docket of this Court.

On September 24, 1986, Hughes filed a motion with the district court seeking an entry of judgment upon the August 12 order, pursuant to Fed.R.Civ.P. 58. The court denied Hughes's motion and refused to enter a separate judgment. The court stated that the August 12 order complied with Rule 58's requirement that every judgment be set out on a separate document. Hughes then brought this appeal, challenging the district court's refusal to enter a judgment separate from the August 12 order.

## II.

Rule 58 states that, upon a decision by the court or the jury, the clerk shall prepare and enter the judgment. The purpose of this rule is to clarify when the time for taking an appeal begins to run, since the parties have only thirty days from the entry of judgment in which to file a notice of appeal with the district court. *See* Fed. R.App.P. 4(a). Rule 58 also provides that "[e]very judgment shall be set forth on a separate document." This requirement, added to the rule in 1963, was designed to alleviate the problems that arise when a district court opinion includes seemingly dispositive language, which may or may not constitute an entry of judgment that triggers the thirty-day period for filing an

appeal. *See* Fed.R.Civ.P. 58 advisory committee note.

Rule 58 sets up a strict standard. The Supreme Court has stated that the requirement of a judgment on a separate document must be "mechanically applied," without regard to the equities of the case. *See United States v. Indrelunas*, 411 U.S. 216, 221–22, 93 S.Ct. 1562, 1564–65, 36 L.Ed.2d 202 (1973). Since *Indrelunas*, most lower courts have construed the requirement strictly. *See Caperton v. Beatrice Pocahontas Coal Co.*, 585 F.2d 683 (4th Cir.1978); J. Moore, J. Lucas & G. Grotheer, Jr. 6A *Moore's Federal Practice* ¶ 58.02.1, at 58–20 (2d ed. 1986). In *Caperton*, we held that the district court's "Opinion and Order" dismissing the case for lack of subject matter jurisdiction did not meet the Rule 58 separate document requirement. We stressed that an "entry" occurs "only when the essentials of a judgment or order are set forth in a written document separate from the court's opinion or memorandum *and* when the substance of this separate document is reflected in an appropriate notation on the docket sheet assigned to the action in the district court." *Caperton, supra*, 585 F.2d at 688.

In applying the Rule 58 requirement to a given situation, the form and content of the document at issue are determinative. Brevity is an important factor: an order unaccompanied by a long explanation is likely to be considered a "judgment." *See, e.g., United States v. Perez*, 736 F.2d 236, 237 n. 1, 238 (5th Cir.1984) (succinct order with no explanation held to be a judgment under Rule 58); *Weinberger v. United States*, 559 F.2d 401 (5th Cir. 1977). The *Weinberger* court held that the relevant document was a "judgment," although it included a short explanation with one case citation. The court, however, stated that "doubtless very little more would have rendered the order vulnerable to appellant's attack [based on Rule 58]." *Id.* at 402.

By contrast, a document which attempts to combine the court's reasoning and its final disposition is not likely to be considered a "separate document" under

Rule 58. *See, e.g., Gregson & Associates v. Virgin Islands*, 675 F.2d 589, 593 (3d Cir.1982); *State National Bank v. United States*, 488 F.2d 890 (5th Cir.1974). In both of these cases, the court held that a memorandum opinion entitled "Opinion and Judgment," which included a separate section for the judgment at its end, did not meet the separate judgment requirement.

Similarly, in this case, the content and form of the district court's order do not clearly indicate that it is the district court's final judgment. In addition to containing the court's disposition, the order includes the procedural history of the case and the reasons for the disposition. It begins by setting out the issue, whether to grant defendant Lloyd's motion for a j.n. o.v. The order next sets out Hughes's causes of action and the trial proceedings. It then states Lloyd's argument for a j.n. o.v. and Hughes's response. In conclusion, the order states that, because Lloyd's actions were not the proximate cause of Hughes's lost wages, the j.n.o.v. is granted. The order ends with the five-part disposition quoted above.

This order is distinguishable from the succinct dispositions in cases such as *Perez* and *Weinberger*, which complied with the requirements of Rule 58. The mere fact that the district court used the term "judgment" repeatedly on the last page of the order is not dispositive. Since the document recites the case's factual and procedural background and reasoning for its disposition, it could be interpreted as an opinion. We conclude that the order did not comply with the Rule 58 separate document requirement.

We also note that the separate document requirement was not waived in this case. In limited situations, such a waiver may occur. *See Bankers Trust Co. v. Mallis*, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978). The *Mallis* Court set out three factors necessary for a waiver: (1) the district court must clearly intend that the order it issues represents the final judgment; (2) the judgment must be recorded in the clerk's docket; and (3) the parties must

show that they view the order as a final judgment, by proceeding with a timely appeal.

The third *Mallis* factor is conspicuously absent in this case. Hughes did not file a timely appeal. Instead, he filed a motion for entry of judgment, clearly indicating that he did not view the district court's order as its final judgment. For this reason, we cannot say that the separate document requirement was waived. *Cf. Hummer v. Dalton*, 657 F.2d 621, 624 (4th Cir.1981) (where plaintiff filed a timely appeal, district court's decisions were clearly intended to be final decisions, and decisions were recorded on docket, separate document requirement was waived).

For the reasons set out above, we reverse the district court's order denying Hughes's motion to enter judgment and remand this case so that the district court may enter final judgment in accordance with the requirements of Rule 58.

REVERSED AND REMANDED.