980 F.2d 727
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Larry MARSHAK, Plaintiff-Appellant,
v.
Michael BRANCH, d/b/a Insight Talent Agency, Inc., d/b/a
Insight Talent Agency, Defendant & Third Party Plaintiff,
v.
Willie B. PINKNEY, Third Party Defendant-Appellee.
Larry MARSHAK, Plaintiff-Appellant,
v.
Michael BRANCH, d/b/a Insight Talent Agency, Inc., d/b/a
Insight Talent Agency, Defendant & Third Party Plaintiff,
and COUNT BASIE THEATRE; Michael McHarris; L & M
Productions; Atlantis Casino Hotel; Atlantis
Cabaret Theatre; Whoot Newspaper, Defendants,
v.
Willie B. PINKNEY, Third Party Defendant-Appellee.
 Nos. 91-1218, 92-1241.
 United States Court of Appeals,
Fourth Circuit.
 Argued: October 2, 1992
Decided: December 7, 1992
 
 Appeals from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, District Judge; James B. McMillan, Senior District Judge. (CA-82-566-M-C-C, CA-89-283)
 ARGUED: Robert J. Berman, Hackensack, New Jersey, for Appellant.
 Michael Shields Connor, Bell, Seltzer, Park & Gibson, P.A., Charlotte, North Carolina, for Appellee.
 ON BRIEF: John J. Barnhardt, III, Bell, Seltzer, Park & Gibson, P.A., Charlotte, North Carolina; Lawrence E. Feldman, Needle & Feldman, Philadelphia, Pennsylvania, for Appellee.
 W.D.N.C.
 Affirmed.
 Before HALL and WILKINS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 WILKINS, Circuit Judge:
 
 OPINION
 
 1
 Larry Marshak challenges two orders of the district court, raising numerous meritless issues. Indeed, one of the issues was presented in a prior appeal and resolved against him by a panel of this court. We, therefore, affirm the decisions of the district court. In addition, because we find that these appeals are frivolous and that Marshak and his counsel, Robert J. Berman, have conducted this litigation in bad faith and have unreasonably multiplied these proceedings, we award Willie B. Pinkney reasonable attorneys' fees, expenses, and double costs incurred in connection with the appeals.
 
 I.
 
 2
 Beginning in the 1950's, Pinkney performed with a band named The Drifters; during the 1960's, the band dissolved into two groups. Marshak subsequently obtained the rights to the service mark "THE DRIFTERS." In 1981 Pinkney and Marshak entered into an agreement in which Pinkney acknowledged that Marshak held the service mark "THE DRIFTERS" and Marshak acknowledged Pinkney's prior use of the service mark "THE ORIGINAL DRIFTERS." Under this agreement, Pinkney was permitted to continue to trade exclusively as "THE ORIGINAL DRIFTERS" during his life without interference from Marshak.
 
 
 3
 Claiming that Pinkney had violated "THE DRIFTERS" service mark, Marshak commenced litigation in October 1982 in the Western District of North Carolina.[1] The following year, the parties entered into a consent judgment that incorporated the 1981 agreement. Key provisions of the consent judgment required Marshak to notify Pinkney of any perceived violations of the agreement and offer Pinkney an opportunity to cure them prior to Marshak's initiating litigation.
 
 
 4
 In early 1988, Pinkney was performing an extended engagement in Atlantic City, New Jersey. In January 1988, claiming that Pinkney was violating the consent judgment, Marshak filed suit in the United States District Court for the District of New Jersey without following the cure provisions contained in the consent judgment. Finding that Marshak had demonstrated a reasonable probability of success on the merits, the New Jersey district court imposed an injunction requiring Pinkney's salary from the Atlantic City engagement to be escrowed pending resolution of the merits.[2]
 
 
 5
 In April 1988, while the New Jersey litigation was in its early stages, Pinkney moved in the United States District Court for the Western District of North Carolina (district court) for enforcement and clarification of the consent judgment and a rule to show cause why Marshak should not be held in contempt of court for filing suit in New Jersey without following the notice and cure provisions contained in the consent judgment. The district court ruled that Marshak had violated the notice and cure provisions of the consent judgment and found Marshak in contempt. On January 4, 1989, the district court entered an order denying Marshak's motion for reconsideration of its contempt order, granting Pinkney's motion for sanctions, directing Marshak to pay Pinkney's reasonable attorneys' fees, and imposing a $5,000 fine. This order did not establish the amount of attorneys' fees. Marshak appealed, and we affirmed, specifically noting that the district court awarded attorneys' fees. Marshak v. Pinkney, No. 892023 (4th Cir. May 2, 1990) (per curiam).
 
 
 6
 While the appeal from the January 4, 1989 order was pending before this court, the district court proceeded to a determination of the proper amount of the attorneys' fees award. It received affidavits and briefs on the issue, and on July 10, 1989, the district court awarded $13,106.25 in attorneys' fees to Pinkney. On July 12, 1990-over one year later-Marshak filed a motion seeking "renewal and reconsideration" of the July 10, 1989 attorneys' fees award. Marshak requested permission to conduct discovery relating to this motion and a stay of consideration of his motion for reconsideration until discovery was completed. On September 13, 1991, the district court denied Marshak's motion for reconsideration of the July 10, 1989 order, denied Marshak's motion for discovery, and ordered execution against Marshak. Marshak filed a notice of appeal on October 8, 1991; this appeal has been docketed as No. 91-1218.
 
 
 7
 In January 1992, Marshak learned that Pinkney had registered the July 10, 1989 attorneys' fees award as a judgment with the Clerk of the United States District Court for the Southern District of New York. Marshak immediately served an order directing Pinkney's North Carolina counsel to appear in New York on January 31, 1992 to show cause why he should not be sanctioned for improperly registering the attorneys' fees order. Pinkney maintains that Marshak and his attorneys knew that Pinkney's North Carolina counsel was not involved in the registration of the order in New York, but included him as a defendant only to necessitate his travel to New York to defend against sanctions.
 
 
 8
 On January 28, 1992, Pinkney moved the North Carolina district court on an emergency basis for release of the funds held in escrow as a result of the injunction issued by the New Jersey district court and for sanctions against Marshak. Pinkney argued that because he had been unable to pay his attorneys for some time, North Carolina counsel was being forced to travel to New York at his own expense to defend against frivolous charges. Marshak received notice of the hearing, responded to the motion in writing, and was represented by counsel at the January 30, 1992 hearing. The following day the district court issued a detailed order terminating the injunction and ordering the funds released. Marshak appeals from this order dissolving the injunction, docketed as No. 92-1241. The appeals have been consolidated for disposition before this court.
 
 II.
 
 9
 Prior to oral argument before this court, Pinkney moved to dismiss as untimely Marshak's challenge to the amount of the attorneys' fees award. The timely filing of a notice of appeal is a" 'mandatory and jurisdictional' " prerequisite to review in this court. See Browder v. Director, Dep't of Corrections of Ill., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Thus, we first consider whether we have jurisdiction to entertain this appeal.
 
 
 10
 A notice of appeal must be filed within 30 days after the entry of the judgment or order from which appeal is taken. Fed. R. App. P. 4(a)(1). If a timely motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) is filed, the time for appeal begins to run from the entry of the order granting or denying the motion. Fed. R. App. P. 4(a)(4). The parties do not dispute that Marshak filed his notice of appeal within 30 days from the date the district court denied reconsideration of its July 10, 1989 order establishing the amount of the attorneys' fees award. Consequently, we must determine whether Marshak's Rule 59(e) motion[3] for reconsideration was timely filed. For the reasons that follow, we conclude that it was.
 
 
 11
 A motion to alter or amend must "be served not later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). Federal Rule of Civil Procedure 58 requires that "upon a decision by the court that a party shall recover only a sum certain or costs ... the clerk ... shall forthwith prepare, sign, and enter the judgment." Fed. R. Civ. P. 58. Additionally, the rule mandates that "[e]very judgment shall be set forth on a separate document." Id. Rule 58 is to be strictly and " 'mechanically applied' without regard to the equities of the case," and although a very brief order may operate as a judgment, an order that contains the reasoning of the court may not. Hughes v. Halifax County Sch. Bd., 823 F.2d 832, 835 (4th Cir. 1987) (quoting United States v. Indrelunas, 411 U.S. 216, 222 (1973)). Until a separate judgment is entered, tolling of time limits based on entry of judgment does not begin. See Caperton v. Beatrice Pocahontas Coal Co., 585 F.2d 683, 688-90 & n.10 (4th Cir. 1978) (appeal held timely because time in which to file notice of appeal had never begun since separate judgment was never entered).
 
 
 12
 We conclude that the attorneys' fees award was an order requiring entry of a separate judgment under Rule 58. The July 10, 1989 order awarding Pinkney $13,106.25 in attorneys' fees was a decision that Pinkney receive a sum certain. The record, however, indicates that the clerk of court did not enter a separate judgment. Further, the order, which is five pages in length and contains the findings of the court on each of the factors considered by the court, does not qualify as a judgment. Thus, Marshak's July 1990 request for reconsideration of the July 10, 1989 order was timely under Rule 59(e). Accordingly, Marshak timely filed a notice of appeal on October 8, 1991 following the September 13, 1991 decision denying reconsideration of the July 10, 1989 order.[4]
 
 III.
 
 13
 Having concluded that the July 10, 1989 order establishing the amount of attorneys' fees and the September 13, 1991 order denying reconsideration of the amount of the award are properly before this court, we turn to the question of whether the amount of the attorneys' fees award may stand. Marshak first claims that the findings of the district court in support of its award are inadequate to permit a reasoned review. In a five-page order, the district court carefully analyzed, and made findings with respect to, each of the factors adopted by this court to guide the exercise of discretion by a district court in awarding attorneys' fees. See Daly v. Hill, 790 F.2d 1071, 1075 (4th Cir. 1986) (recognizing that this court has adopted the factors outlined in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)). Our examination of these findings indicates that they are ample to permit a reasoned review. See Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 (4th Cir.) (requiring district court to make detailed findings of fact with respect to each factor to facilitate appellate review), cert. denied, 439 U.S. 934 (1978).
 
 
 14
 Marshak next complains that the amount of the attorneys' fees award is excessive, arguing principally that the number of hours submitted by Pinkney's attorneys was unreasonable. In addition, Marshak charges that because the time records do not reflect identical entries for phone calls conducted between two of Pinkney's attorneys, the time records have been falsified. The district court considered these arguments and reduced the number of hours allowed to compute the lodestar fee based on the inconsistencies in the time records and its finding that some of the hours appeared to be excessive. These factual findings by the district court are not clearly erroneous, nor is the extent to which the district court took these factors into account an abuse of discretion. See Daly, 790 F.2d at 1078-80 & n.10. Thus, we affirm the amount of the attorneys' fees award.
 
 IV.
 A.
 
 15
 We next turn to Marshak's appeal of the order of the district court dissolving the injunction escrowing Pinkney's salary from the New Jersey engagement. An injunction may be modified based on a change of circumstances. See United States v. Snepp, 897 F.2d 138, 141 (4th Cir.), cert. denied, 111 S. Ct. 57 (1990). The finding of the North Carolina district court that Marshak violated the consent judgment by instituting the New Jersey litigation without first complying with its notice and cure provisions, and our subsequent affirmance of that decision, occurred after the New Jersey district court imposed the injunction escrowing Pinkney's salary. As recognized by the Court of Appeals for the Third Circuit, see Marshak v. Pinkney, No. 88-5525, slip op. at 8, n.1 (3d Cir. Jan. 17, 1989),[5] these rulings constitute a sufficient change of circumstances to warrant review by the North Carolina district court of the continued propriety of the injunction.
 
 
 16
 The standard for issuance of a preliminary injunction is a balanceof-hardship test requiring the court to consider: the likelihood of success on the merits, the likelihood of harm to defendant if the injunction were imposed, the likelihood of irreparable harm to plaintiff without the injunction, and the public interest. See Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977). These same factors must be considered in determining whether an injunction should be lifted. See Breswick & Co. v. United States, 75 S. Ct. 912, 915 (1955). In dissolving the injunction the North Carolina district court found that Marshak was not likely to succeed on the merits in view of the prior decision of this court, nor was Marshak likely to suffer irreparable harm. The court determined that Pinkney likely would suffer harm if the injunction continued, stating that "[t]he apparently endless litigation is making it impossible for Pinkney to stay in business and pay his attorneys." We conclude that the decision of the district court dissolving the injunction was a proper exercise of discretion. Cf. Snepp, 897 F.2d at 141 (decision of district court not to modify injunction reviewed for abuse of discretion).
 
 
 17
 Rather than arguing that the district court misapplied the balanceof-hardship test, Marshak argues that the speed with which the district court acted prevented it from understanding the case. Marshak also maintains that the district court was misled by the information submitted by Pinkney, to which Marshak did not have an adequate opportunity to respond. Absent argument by Marshak that the ultimate conclusion reached by the district court constituted an abuse of discretion, however, we are unable to discern any prejudice to Marshak arising from the manner in which the proceedings below were conducted. Consequently, we affirm the decision of the district court to dissolve the injunction.
 
 B.
 
 18
 Marshak also asserts that the district court violated his right to due process by lifting the injunction. He argues that the escrowed monies provided him with security, and that before he could be deprived of this security, he was entitled to prior meaningful notice and hearing. The hearing he received, the argument continues, was not adequate because his lead counsel was unable to attend. We find this argument to be patently meritless.
 
 
 19
 Marshak presents no authority for the proposition that he enjoyed a property interest in the escrowed funds, the deprivation of which could give rise to due process concerns. Indeed, since this court has previously held Marshak in contempt for filing the lawsuit that gave rise to his claim of entitlement to the funds, we find it doubtful that Marshak has any defensible claim to the monies. Assuming that he had such an interest, however, due process entitles him to adequate notice and an opportunity to be heard. See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313 (1950) (Before one may be deprived of property by adjudication, procedural due process requires prior notice and hearing.). Marshak received actual notice of the hearing and was heard both in argument and in writing. Accordingly, he received all the process to which he was due. Thus, we conclude that the district court did not violate Marshak's right to due process in lifting the injunction.
 
 V.
 A.
 
 20
 If this court determines that an appeal is frivolous, we "may award just damages and single or double costs to the appellee." Fed. R. App. P. 38; see also 28 U.S.C.A. § 1912 (West 1966) (granting this court discretion to award damages for delay and single or double costs to prevailing party when we affirm a judgment). For the reasons that follow, we find that Marshak's present appeals are patently frivolous. Consequently, we conclude that Marshak must bear the reasonable attorneys' fees, expenses, and double costs incurred by Pinkney in connection with these appeals.
 
 
 21
 The first issue presented by Marshak in his appeal of the July 10, 1989 order establishing the amount of attorneys' fees is clearly spurious. Marshak maintains that the district court was without authority to award any amount of attorneys' fees. The district court announced its decision to award attorneys' fees in its order of January 4, 1989. This court previously affirmed that order in the prior appeal of that order. Marshak v. Pinkney, No. 89-2023 (4th Cir. May 2, 1990). "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981). Every tenet of finality of judgment dictates that Marshak may not challenge the correctness of this affirmed decision.[6]
 
 
 22
 The remaining arguments raised by Marshak are equally meritless. Marshak failed to offer any support for the proposition that the factual finding concerning the number of hours deemed reasonable by the district court was clearly erroneous or that the district court acted outside of its discretion in determining the amount of the attorneys' fees award. This is especially true since the district court credited some of the arguments offered by Marshak and reduced the number of hours for which fees were to be awarded. The determination of an appropriate award of attorneys' fees is committed to the sound discretion of the trial court. In view of the deference accorded to the decisions of the lower courts in these matters, satellite litigation concerning the appropriateness of these awards is generally inappropriate, particularly if the findings under attack are ones of fact. Daly 790 F.2d at 1079 & n.10.[7] Also, Marshak's appeal from the order dissolving the injunction did not offer any legal authority to support his claim that the district court violated his right to due process, and he did not challenge the ultimate conclusion of the district court that application of the balance-of-hardship test indicated that the injunction should be lifted. Therefore, we have no difficulty in concluding that the paltry arguments presented by Marshak are frivolous. Our decision that these appeals are frivolous justifies the imposition of attorneys' fees, expenses, and double costs against Marshak under Rule 38 and § 1912. See Steyr-Daimler-Puch of Am. Corp. v. Pappas, 852 F.2d 132, 134 (4th Cir. 1988).
 
 B.
 
 23
 This court may require "[a]ny attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously ... to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C.A.s 1927 (West Supp. 1992). An attorney must act in bad faith before the imposition of fees is appropriate under this section. See Brubaker v. City of Richmond, 943 F.2d 1363, 1382-83 n.25 (4th Cir. 1991). We find that the manner in which Marshak's counsel, Robert J. Berman, has conducted the proceedings before this court indicates a lack of good faith and is marked by excess and frivolity.
 
 
 24
 In addition to the frivolous issues raised on appeal, Mr. Berman has repeatedly and unsuccessfully moved this court for diverse relief with little or no supporting reasons or authority. A review of the numerous filings before this court demonstrates that many have been completely meritless and obviously intended to delay ultimate resolution. While any one of them may not alone warrant imposition of costs, expenses, and attorneys' fees, the overall fashion in which Mr. Berman has conducted this litigation paints an unmistakable picture of vexatious and unreasonable litigation practices.
 
 
 25
 We do not take lightly our authority to assess costs, expenses, and attorneys' fees against counsel under § 1927. We recognize that complex appeals often require multitudinous filings, and that circumstances may arise that legitimately necessitate numerous, sometimes even untimely, requests for this court to act in a given appeal. We do not seek to quell reasonable requests for review of arguably meritorious appeals or motions, nor do we shrink from attempting to decide conscientiously appropriate requests for action. We will not, however, tolerate the abuses practiced in these proceedings. The conclusion is inescapable that Mr. Berman's conduct of this litigation crossed the line from zealous advocacy to unreasonable and intentional pursuit of frivolous positions. We find an award of the costs, expenses, and attorneys' fees reasonably incurred in connection with these appeals against Robert J. Berman, personally, is appropriate because the appeals are frivolous, because he has needlessly multiplied the litigation, and because the course of this litigation evinces bad faith.[8]
 
 C.
 
 26
 In sum, we conclude that Pinkney is entitled to reimbursement for his reasonable attorneys' fees, expenses, and double costs incurred in connection with these appeals.[9] We direct Pinkney to submit an appropriate request, with supporting documentation to the clerk of this court within ten days. Any response should be received by the clerk within ten days thereafter.
 
 VI.
 
 27
 In conclusion, we hold that the district court did not abuse its discretion in setting the amount of the attorneys' fees award, nor did Marshak demonstrate any abuse by the district court in denying reconsideration of that decision. We find that the district court did not violate Marshak's right to due process or abuse its discretion by dissolving the injunction imposed by the New Jersey court and disbursing the escrowed funds to Pinkney. Due to the frivolous nature of these appeals, as well as the needlessly multiplicious and meritless proceedings before this court, we award Pinkney the attorneys' fees, expenses, and double costs that he reasonably incurred in connection with these appeals. Finally, we note that numerous matters remain pending in the district court. We are convinced that in light of this decision, the parties and the district court will, with all haste, bring these proceedings to an end.
 
 
 28
 AFFIRMED AND ATTORNEYS' FEES, EXPENSES, AND COSTS IMPOSED
 
 
 
 [1]
 Marshak brought the action against Michael Branch, one of Pinkney's booking agents. Branch in turn brought Pinkney into the litigation as a thirdparty defendant
 
 
 [2]
 Pinkney appealed this order, and the United States Court of Appeals for the Third Circuit held that the district court did not abuse its discretion in imposing the preliminary injunction. Marshak v. Pinkney, No. 88-5525 (3d Cir. Jan. 17, 1989). On May 30, 1989, the New Jersey district court granted Pinkney's motion to transfer venue to the Western District of North Carolina
 
 
 [3]
 The parties have referred to Marshak's motion for reconsideration as being brought pursuant to Federal Rule of Civil Procedure 60(b). Because we conclude that the motion essentially sought reconsideration, and because the motion was timely filed, we construe the motion as one under Rule 59(e)
 
 
 [4]
 Federal Rule of Appellate Procedure 3(c) provides that the notice of appeal must designate the order from which appeal is taken. Marshak's notice of appeal designated only the September 13, 1991 order. We find, however, that because the notice of appeal referenced the July 10, 1989 order and because the motion for reconsideration attacked the underlying merits of that order, the notice of appeal adequately notified Pinkney that Marshak was seeking review of the merits of the July 10, 1989 order. Indeed, it was because Pinkney believed Marshak was seeking such review that Pinkney filed the motion to dismiss Marshak's appeal as untimely. Additionally, the parties have thoroughly briefed all of the issues, and Pinkney will not be prejudiced by our consideration of the amount of the attorneys' fee award. Under these circumstances, we find that the notice of appeal is sufficient to grant jurisdiction to this court over both orders. See Foman v. Davis, 371 U.S. 178, 181 (1962)
 
 
 [5]
 The Third Circuit noted that following the imposition of the injunction by the New Jersey district court, the United States District Court for the Western District of North Carolina adjudged Marshak in contempt for filing the New Jersey action and acknowledged that Pinkney could seek a modification of the injunction based on the findings of the North Carolina court on remand. Id
 
 
 [6]
 When questioned at oral argument concerning why he sought review of an issue that had previously been decided against his client, Mr. Berman sought to withdraw the issue from our review, conceding that there was no merit to this issue. We find that Mr. Berman's concession was merely an eleventh-hour attempt to avoid sanctions
 
 
 [7]
 We have embraced Justice Brennan's belief that " 'appeals from awards of attorney's fees, after the merits of a case have been concluded, when the appeals are not likely to affect the amount of the fee' 'must be one of the least socially productive types of litigation imaginable.' " Daly, 790 F.2d at 1079 n.10 (quoting Hensley v. Eckerhart, 461 U.S. 424, 442 (1983) (Brennan, J., concurring in part and dissenting in part)). This is especially true when an appellant seeks, as does Marshak, to attack the factual findings of the district court concerning the reasonableness of the number of hours. Id
 
 
 [8]
 At oral argument Mr. Berman indicated that if this court determined that an award of attorneys' fees and costs against him was appropriate, he wished to brief and argue the issue. He previously has had the opportunity to brief this issue in a reply brief and failed to do so. In addition, he was allowed to address this issue at oral argument. Therefore, we decline his request for additional briefing and argument
 
 
 [9]
 Because § 1927 does not authorize this court to impose double costs on attorneys, we impose liability for double costs only on Marshak