983 F.2d 1056
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John D. MARTONE, JR., Personal representative of the Estate
of Evelyn C. Martone, deceased, Plaintiff-Appellant,
and
William R. MARTONE; Donna L. Cohen, Personal
representatives of the Estate of Evelyn C.
Martone, deceased, Plaintiffs,
v.
CONNECTICUT GENERAL LIFE INSURANCE COMPANY; E. I. DuPont De
Nemours Company, Incorporated, Defendants-Appellees.
 No. 92-1336.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 11, 1992
Decided: December 23, 1992
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Joseph C. Howard, District Judge. (CA-90-1281)
 D.Md.
 AFFIRMED.
 John D. Martone, Jr., Appellant Pro Se.
 Joseph Henry Thomas, Jr., Elizabeth McKay, JOSEPH H. THOMAS, JR. & ASSOCIATES, Baltimore, Maryland, for Appellees.
 Before PHILLIPS, WILKINS, and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 John D. Martone appeals the district court's dismissal without prejudice of his claims against Connecticut General Life Insurance Company and E.I. DuPont de Nemours Company (hereinafter referred to jointly as "CIGNA"). Because we find that the district court did not abuse its discretion by dismissing Martone's claims, we affirm.
 
 
 2
 John D. Martone, Jr., William R. Martone, and Donna L. Cohen (the "Martones") are personal representatives of their mother's estate. When their mother was terminally ill, she remained at home under the care of five unlicensed nursing assistants. The cost for these services totalled $24,285 and the Martones sought reimbursement for these expenses from CIGNA.
 
 
 3
 The district court granted summary judgment for CIGNA, holding that the nursing care services were not provided by an approved Hospice program as required by the insurance policy. On appeal, this Court reversed the district court and remanded the case for a determination of whether the services were provided by an approved Hospice program. Martone v. Connecticut Gen. Life Ins. Co., No. 90-1522 (4th Cir. June 26, 1991) (unpublished).
 
 
 4
 Upon remand, the district court established a briefing schedule requiring the Martones to file their motion for summary judgment by August 23, 1991. On August 20, 1991, John D. Martone, Jr.[1] advised the court that because his former counsel was disbarred, he planned to retain another attorney. Because the new lawyer was recovering from an accident, Martone asked the court to extend the deadline for filing his motion for summary judgment until September 9, 1991. The court extended the filing deadline until September 13, 1991.
 
 
 5
 Martone wrote to the court again on September 9, 1991 to inform the court that his lawyer had not yet returned to work and that he was retaining another lawyer to represent him. Martone asked the court to grant a thirty-day extension for filing the motion. The court extended the filing deadline to October 7, 1991. The court extended the deadline again to October 21, 1991, due to a potential settlement of the case.
 
 
 6
 By October 21, 1991, Martone had neither filed a motion for summary judgment as required by the Court's revised scheduling order nor requested a time extension. CIGNA filed a motion to dismiss with prejudice. On October 30, 1991, the district court dismissed the case without prejudice. Represented by yet another attorney, Martone filed a motion for reconsideration on November 8, 1991, asking the court to reopen the case on the grounds that Martone had experienced difficulty in finding an attorney. Construing it as a Fed. R. Civ. P. 60(b) motion for relief from judgment, the district court denied the motion by letter on February 7, 1992, which was entered as an order on February 12.[2] Martone filed a timely pro se notice of appeal. Rule 59(e), Fed. R. Civ. P., provides that "[a] motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment." Martone served his motion on November 8, 1991, which is less than ten days after the district court entered its October 30, 1991 order dismissing Martone's case without prejudice. Accordingly, Martone's motion is a Rule 59(e) motion for amendment of judgment rather than a Rule 60(b) motion for relief from judgment. Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978).[3] The district court's interpretation of this Rule 59 motion as a Rule 60(b) motion is harmless error because Martone's claims fail as a matter of law. This Court reviews the denial of a Rule 59 motion under an abuse of discretion standard. Boryan v. United States, 884 F.2d 767, 771 (4th Cir. 1989).
 
 
 7
 Under Fed. R. Civ. P. 41(b), if a plaintiff fails to prosecute or comply with the Federal Rules of Civil Procedure or a court order, the defendant may move for dismissal. Unless the court specifies otherwise, dismissal under Rule 41(b) "operates as an adjudication upon the merits." Here, the court specified that it dismissed the case without prejudice.
 
 
 8
 Martone had difficulty in obtaining counsel to represent him after this case was remanded to the district court. His original lawyer was unable to represent him. The second attorney he hired could not prepare the motion for summary judgment because he was recovering from a serious accident. Martone attempted to retain another lawyer who could not handle the case because he was not licensed in Maryland. He contacted another lawyer who failed to act and then sought the representation of another attorney who could not represent him due to a conflict of interest. By the time Martone hired the lawyer who prepared his Rule 59 motion, the final deadline for filing his motion for summary judgment had passed and the district court had dismissed his case without prejudice.
 
 
 9
 Although dismissal is an inappropriate sanction where it penalizes a client for his attorney's wrongdoing, Dove, 569 F.2d at 810, in this case Martone cannot be deemed blameless for the failure to comply with the court's scheduling order. Recognizing Martone's difficulty in obtaining counsel who could prepare his motion and his claims that an attorney he retained was attempting to settle the case, the district court responded to each of Martone's requests for extensions by extending the filing deadline. When the court extended the deadline for the last time to October 21, 1991, the order warned Martone that "[a]bsent extraordinary reasons, no further extensions will be granted." Martone never asked the court to extend the October 21 deadline and failed to file a motion for summary judgment. His claims of financial difficulties and problems in finding legal representation do not excuse his failure to comply with the scheduling order or to request the court to extend the deadline. In light of the court's warning, the district court did not exceed its discretion by dismissing the case without prejudice.[4] See Ballard v. Carlson, 882 F.2d 93, 95-96 (4th Cir. 1989) (dismissal appropriate sanction where litigant disregarded court order despite warning that failure to comply with order would result in dismissal), cert. denied, 58 U.S.L.W. 3527 (U.S. 1990).
 
 
 10
 Because the district court did not abuse its discretion by dismissing Martone's claims without prejudice, we affirm the court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Apparently, after the case was remanded, Martone pursued the litigation without his siblings
 
 
 [2]
 The court did not enter a separate document when issuing its order as is required under Fed. R. Civ. P. 58. See Hughes v. Halifax County School Bd., 823 F.2d 832 (4th Cir. 1987). Although a very brief order can serve as both the court's decision and the formal judgment required by Rule 58, where, as here, the three page order contains a procedural history of the case and a somewhat lengthy statement of the court's reasoning, it is better classified as the court's opinion than as a Rule 58 judgment order. Id. at 835 (five page order did not satisfy Rule 58). However, since Martone's appeal is timely and the district court clearly evidenced its intent that its order would represent the final decision, the separate document requirement is waived and this Court may reach the merits of the appeal. Bankers Trust Co. v. Mallis, 435 U.S. 381, 385 (1978)
 
 
 [3]
 A timely Rule 59(e) motion tolls the appeal period until the court rules upon the motion. Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982); Dove, 569 F.2d at 809; Fed. R. App. P. 4(a)(4). Because Martone's motion tolled the appeal period on the court's order dismissing the action, his notice of appeal gives this Court jurisdiction to consider both the order denying reconsideration and the order dismissing the action
 
 
 [4]
 Martone asserts claims under the Employee Retirement Income Act ("ERISA"), 29 U.S.C.A. § 1132(a)(1)(B) (West 1985 and Supp. 1992) and under contract law. The Maryland statute of limitations for contract actions, applicable also to ERISA actions, requires a claim to be filed within three years from the date the cause of action accrues. Md. Cts. & Jud. Proc. Code Ann. § 5-101 (1989). An ERISA cause of action accrues when a benefits claim has been made and formally denied. Cotter v. Eastern Conference of Teamsters Retirement Plan, 898 F.2d 424, 428-29 (4th Cir. 1990) (quoting Rodriguez v. MEBA Pension Trust, 872 F.2d 69, 72 (4th Cir. 1989)). Martone and his siblings applied for benefits in August 1989 and CIGNA formally denied the claims in October 1989. (R. 2). Thus, the statute of limitations for bringing claims against CIGNA has not yet run