**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 02-6900**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHARLES LOVELL MOSELEY, a/k/a Charles Bimis,
a/k/a Charles Cheeks, a/k/a Cheeks,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Jerome B. Friedman, District
Judge.  (CR-99-94, CA-01-193)

———————

Submitted:  September 5, 2002      Decided:  September 11, 2002

———————

Before MOTZ, KING, and GREGORY, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Charles Lovell Moseley, Appellant Pro Se.  Darryl James Mitchell,
Special Assistant United States Attorney, Norfolk, Virginia, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Charles Lovell Moseley seeks to appeal the district court's orders denying his motion filed under 28 U.S.C. § 2255 (2000), and denying his motion for reconsideration.* We have reviewed the record and the district court's opinion and conclude on the reasoning of the district court that Moseley has not made a substantial showing of the denial of a constitutional right. See United States v. Moseley, Nos. CR-99-94; CA-01-193 (E.D. Va. filed Sept. 19, 2001, entered Sept. 20, 2001; filed and entered Nov. 19, 2001). Accordingly, we deny a certificate of appealability and dismiss the appeal. See 28 U.S.C. § 2253(c) (2000). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

DISMISSED

---

* We consider Moseley's notice of appeal timely because judgment was not entered in a separate document. See Fed. R. Civ. P. 58; Fiore v. Washington Co. Community Mental Health Ctr., 960 F.2d 229, 234 (1st Cir. 1992); Hollywood v. City of Santa Maria, 886 F.2d 1228 (9th Cir. 1989); Hughes v. Halifax County School Bd., 823 F.2d 832, 835 (4th Cir. 1987) (holding a document that attempts to combine the court's reasoning and its final disposition is not likely to be considered a separate document under Fed. R. Civ. R. 58).

2