**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————————

**No. 02-7211**

————————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAVID WILBERT SHANTON, SR.,

Defendant - Appellant.

————————————

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. W. Craig Broadwater, District Judge. (CR-89-250, CA-01-81)

————————————

Submitted: December 11, 2002          Decided: January 3, 2003

————————————

Before NIEMEYER, WILLIAMS, and TRAXLER, Circuit Judges.

————————————

Dismissed by unpublished per curiam opinion.

————————————

David Wilbert Shanton, Sr., Appellant Pro Se.  Thomas Oliver Mucklow, Assistant United States Attorney, Martinsburg, West Virginia; Sherry L. Muncy, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

————————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

David Wilbert Shanton, Sr., seeks to appeal the district court's order accepting the recommendation of the magistrate judge and denying relief on his motion filed under 28 U.S.C. § 2255 (2000).[*] An appeal may not be taken to this court from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue for claims dismissed by a district court solely on procedural grounds unless the movant can demonstrate both "(1) 'that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir.) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), cert. denied, 122 S. Ct. 318 (2001). We have reviewed the record and

---

[*] Shanton filed his notice of appeal more than sixty days after the district court entered its order on the docket, see Fed. R. App. P. 4(a)(1), and failed to obtain an extension or reopening of the appeal period, see Fed. R. App. P. 4(a)(5), (6). We have jurisdiction to consider this appeal, however, because the district court's order was not entered on a separate judgment as required by Fed. R. Civ. P. 58. See Hughes v. Halifax County Sch. Bd., 823 F.2d 832, 835 (4th Cir. 1987) (finding that five-page order did not satisfy separate judgment where order contained procedural history of case and district court's reasoning). Thus, the appeal period never began to run, and Shanton's appeal may not be dismissed as untimely. See Quinn v. Haynes, 234 F.3d 837, 843 (4th Cir. 2000), cert. denied, 532 U.S. 1024 (2001).

2

conclude for the reasons stated by the district court that Shanton has not made the requisite showing. See <u>Slack</u>, 529 U.S. at 484. Accordingly, we deny a certificate of appealability and dismiss the appeal. See 28 U.S.C. § 2253(c)(1)(B); <u>Slack</u>, 529 U.S. at 484. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>