**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 02-2158**

———————

ROBERT D. TIMMONS,

                                        Plaintiff - Appellant,

        versus

GEORGE K. SHORT,

                                        Defendant - Appellee.

———————

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(CA-01-3301-4-25BF)

———————

Submitted:  April 14, 2003            Decided:  May 22, 2003

———————

Before WILLIAMS, TRAXLER, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Robert D. Timmons, Appellant Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Robert Timmons appeals the order of the district court dismissing without prejudice a wrongful death claim he filed on account of the murder of his mother.[1] Because the litigation was commenced approximately fourteen years after Timmons' mother's death, the district court concluded that the action could not proceed on account of the running of the applicable state statute of limitations.

We have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court.[2] See Timmons v. Short, No. 4:01-3301-25BH (D.S.C. July 26, 2002). We dispense with oral argument because the facts and legal

---

[1] The district court's final order was entered on July 26, 2002. According Timmons the benefit of the "prison mailbox" rule, Fed. R. App. P. 4(c), his notice of appeal was filed on September 20, 2002, well beyond the thirty-day appeal period established by Fed. R. App. P. 4(a)(1)(A). The district court, however, failed to enter its judgment on a separate document, as contemplated by Fed. R. Civ. P. 58. As a consequence of the district court's failure to comply with Rule 58, Timmons' appeal is timely. Hughes v. Halifax Co. Sch. Bd., 823 F.2d 832, 835 (4th Cir. 1987).

[2] In disposing of this case, the district judge reviewed a report and recommendation that he had prepared while serving in his former capacity as a magistrate judge. Because the final order recites that the district judge reviewed the magistrate judge's report and recommendation de novo, and because the court possessed jurisdiction to decide the case in the absence of the magistrate judge's report and recommendation, there is no reversible error. Nevertheless, because a lay person might misinterpret the matter, we do not encourage such a procedure.

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED