**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-6070

BILLY G. ASEMANI,

Plaintiff - Appellant,

v.

THE GOVERNMENT OF ISLAMIC REPUBLIC OF IRAN; THE SUPREME LEADER
OF THE ISLAMIC REVOLUTION KHAMENEI; THE ISLAMIC REVOLUTIONARY
COURT; THE MINISTRY OF INTELLIGENCE AND SECURITY; THE COUNSEL
OF GUARDIANS; THE MINISTRY OF ISLAMIC CULTURE AND GUIDANCE;
THE ISLAMIC REVOLUTIONARY GUARDS; ALI FALLAHIAN-KHUZESTANI,
Head of the Revolutionary Guard Corps; HOGGATOL-ISLAM NAYERRI,
Chief Judge of the Islamic Revolutionary Court,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.   Claude M. Hilton, Senior
District Judge.   (1:07-cv-00693-CMH-BRP)

Submitted:  October 1, 2008          Decided:  November 6, 2008

Before MOTZ, TRAXLER, and KING, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

Billy G. Asemani, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Billy Asemani, an Iranian native who is currently detained in a Maryland correctional institution, filed a complaint in federal district court pursuant to the Antiterrorism Act ("ATA") alleging various Iranian government officials detained and tortured him in violation of 18 U.S.C. § 2333 (2000). Finding that Asemani repeatedly failed to demonstrate he was a national under the ATA in numerous previous civil actions, the district court dismissed Asemani's action with prejudice as malicious pursuant to 28 U.S.C. § 1915A(b)(1) (2000). The district court issued a memorandum opinion and order to this effect on August 3, 2007 ("August 2007 order"), but no separate document reflecting the judgment was entered on its docket.

In October 2007, Asemani wrote the district court inquiring about the status of his notice of appeal, which he claimed he presented to prison officials in a timely manner. In subsequent filings, Asemani further expressed his intention to appeal the August 2007 order. The district court denied the motion in November 2007 ("November 2007 order"), finding a timely notice of appeal was not filed with the court and, to the extent Asemani's correspondence could be construed as a motion to reopen the appeal period, the court denied the motion because Asemani's letter confirmed he received the underlying order. Asemani filed a timely notice of appeal from the November 2007 order.

2

We begin by addressing the timeliness of Asemani's appeal from the August 2007 order. In a civil action in which the United States or an officer or agency of the federal government is not a party, the notice of appeal must be filed within thirty days after entry of the judgment or order appealed. Fed. R. App. P. 4(a)(1)(A). Entry of judgment occurs when the judgment is set forth in a document separate from the district court's memorandum opinion and the document is entered on the district court's docket. Fed. R. App. P. 4(a)(1), 4(a)(7); Fed. R. Civ. P. 58(a), (b); Wilson v. Murray, 806 F.2d 1232, 1234 (4th Cir. 1986) (discussing the separate document requirement). When Rule 58 requires that a judgment or order be set forth in a separate document, but no separate document was issued, the judgment is deemed entered — and the thirty-day time period to file a notice of appeal starts to run — upon expiration of 150 days after the date of entry of the court's decision on the civil docket. See Freudensprung v. Offshore Tech. Servs., Inc., 379 F.3d 327, 335 (10th Cir. 2004).

Here, there was no separate entry of judgment. Because the August 2007 order contained the court's reasoning, it does not qualify as a separate document for purposes of Rule 58. See, e.g., Hughes v. Halifax County Sch. Bd., 823 F.2d 832, 835 (4th Cir. 1987). Accordingly, the appeal period from the August 2007 decision did not begin to run until 150 days after the entry of that decision on the district court's docket. See Fed. R. App. P.

3

4(a)(7)(ii). We find that Asemani adequately stated his intention to appeal the August 2007 order within this time period, and an appeal from that order therefore would not be untimely.

Having found that Asemani did not surrender his right to appeal the August 2007 decision on timeliness grounds, we must now determine the most productive manner in which to proceed. In his informal brief, Asemani contends that he presently challenges only the propriety of the November 2007 order on appeal, and not the district court's disposition of the underlying claims in the August 2007 opinion. Asemani's preference does not suit the needs of judicial economy. Vacating the district court's November 2007 order and remanding the case for further proceedings would be futile, because the district court already addressed the merits of Asemani's claim in its August 2007 dismissal order. Furthermore, additional briefing on whether Asemani has standing to proceed under the ATA is not required. Recently, we addressed the precise issue and concluded that Asemani failed to demonstrate he was a national of the United States under the ATA. See Asemani v. Gov't of Islamic Rep. of Iran, No. 07-7431, 2008 WL 1960867 (4th Cir. May 6, 2008) (unpublished).

Accordingly, we affirm the district court's August 2007 order and dismiss as moot Asemani's appeal from the court's November 2007 order. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART