**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-7408

RAAJ RAFA EL, a/k/a Roger Moore, a/k/a Raaj Rafael,

Petitioner - Appellant,

v.

WARDEN FREDERICK T. ABELTO; MARYLAND ATTORNEY GENERAL,

Respondents - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Julie R. Rubin, District Judge.  (1:22-cv-01948-JRR)

Submitted:  April 20, 2023                                        Decided:  April 25, 2023

Before KING and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Raaj Rafa El, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raaj Rafa El seeks to appeal the district court's order dismissing his 28 U.S.C. § 2254 petition without prejudice for failure to exhaust state court remedies.[*] The order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 580 U.S. 100, 115-17 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Rafa El has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are

---

[*] Although Rafa El noted his appeal after the expiration of the 30-day appeal period in Fed. R. App. P. 4(a)(1)(A), we conclude that we have jurisdiction over his appeal because the district court's order explaining its reasons for dismissal was not accompanied by a separate document setting forth the court's judgment, as required by Fed. R. Civ. P. 58(a). *See Hughes v. Halifax Cty. Sch. Bd.*, 823 F.2d 832, 835 (4th Cir. 1987). Thus, the district court's order was deemed entered, for purposes of Rule 4(a), 150 days after the date of entry on the docket. *See* Fed. R. Civ. P. 58(c)(2)(B); Fed. R. App. P. 4(a)(7)(A)(ii).

adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*