**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 26-6083**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PATRICK TYLICKI, a/k/a Patrick Tylick,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:22-cr-00172-MOC-SCR-1; 3:24-cv-01108)

Submitted:  June 18, 2026                                    Decided:  June 24, 2026

Before GREGORY and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Patrick Tylicki, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Patrick Tylicki seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 motion.[*] The order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 580 U.S. 100, 115-17 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

---

[*] We have "an independent obligation to verify the existence of appellate jurisdiction." *Williamson v. Stirling*, 912 F.3d 154, 168 (4th Cir. 2018) (internal quotation marks omitted). The district court entered its order denying Tylicki's § 2255 motion on July 28, 2025. Tylicki did not note his appeal within 60 days of that order, *see* Fed. R. App. P. 4(a)(1)(B), and the district court denied Tylicki's motion for an extension of the appeal period, *see* Fed. R. App. P. 4(a)(5). But, because the district court did not enter a separate judgment, the appeal period did not commence until December 25, 2025. *See* Fed. R. App. P. 4(a)(7)(ii); Fed. R. Civ. P. 58(a), (c)(2); *see also Hughes v. Halifax Cnty. Sch. Bd.*, 823 F.2d 832, 835 (4th Cir. 1987) (defining separate judgment). Tylicki filed his notice of appeal, at the latest, by January 12, 2026. *See* Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266, 276 (1988). We therefore conclude that we have jurisdiction over Tylicki's timely appeal.

2

We have independently reviewed the record and conclude that Tylicki has not made the requisite showing. Accordingly, we deny Tylicki's motion for a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*
