497 F.2d 356
 74-2 USTC P 9567
 UNITED STATES of America, Plaintiff-Appellant,
v.
CLEARFIELD STATE BANK, Defendant-Appellee.
UNITED STATES of America, Petitioner,
v.
Honorable Aldon J. ANDERSON, Judge, United States District
Court for the District of Utah, Respondent.
 Nos. 73-1703, 73-1774.
 United States Court of Appeals, Tenth Circuit.
 June 7, 1974.
 
 David English Carmack, Tax Div., Dept. of Justice, Washington, D.C. (Scott P. Crampton, Asst. Atty. Gen. Meyer Rothwacks and Crombie J.D. Garrett, Washington, D.C., on the brief), for plaintiff-appellant and petitioner.
 Richard W. Campbell, Ogden, Utah, for defendant-appellee and respondent.
 Before CLARK,* Justice; HILL and SETH, Circuit Judges.
 ,HILL, Circuit Judge.
 
 
 1
 The question presented by this consolidated appeal and application for a writ of mandamus is whether a district court's order granting summary judgment is a final judgment.
 
 
 2
 In 1963 the M & S Construction & Engineering Company (taxpayer) borrowed funds from appellee Clearfield State Bank to finance a construction project, giving promissory notes for the loans. Taxpayer subsequently became insolvent, was unable to complete its work, and defaulted on its notes. At the same time it was indebted to appellant United States, one of approximately twenty creditors, for failure to pay taxes, and a federal tax lien arose.
 
 
 3
 Claiming that a wrongful refusal to make additional loans under a long-term loan agreement destroyed its business, taxpayer instituted suit against appellee in Utah state court. Appellee counterclaimed for the amount of the unpaid and past due notes. Thereafter appellant served a notice of levy upon appellee for taxpayer's unpaid taxes ($33,573.25), claiming that taxpayer's cause of action against appellee was a property right owned by taxpayer and held by appellee. Appellee did not pay the tax.
 
 
 4
 Several years later taxpayer and appellee settled the suit. Appellee's counter-claim was dismissed and it paid $40,000 into the state court for taxpayer's benefit. Appellant then commenced this suit (No. 73-1703) against appellee, contending its failure to honor the tax levy made it personally liable for taxpayer's unpaid taxes. The complaint alleged that appellee was indebted to taxpayer in the amount of $103,000 a figure arrived at by adding the value of the counter-claim to the $40,000 settlement.
 
 
 5
 Appellee answered, denying the debt, and then filed a motion for summary judgment. Appellant opposed the motion and filed its own motion for a partial summary judgment on the counterclaim issues. The trial court granted appellee's motion and denied appellant's motion on January 22, 1973. Contending this was not a final judgment appellant, on July 3, 1973, filed a motion requesting that a final judgment be entered. A hearing was held and the motion was denied on the grounds that the January 22 order was a final judgment.
 
 
 6
 Appellant then filed a notice of appeal, and, on the theory that the court's orders were not final and therefore non-appealable, also filed an application for a writ of mandamus (No. 73-1774) to require entry of final judgment. On appeal, appellant contends the trial court's order granting summary judgment was not final because it did not dispose of all the issues and because it did not comply with the separate document requirement of Rule 58, F.R.Civ.P.
 
 
 7
 Although it lost on the counter-claim, appellant contends there still remained the issue as to whether appellee retained $40,000 on the date of the levy, belonging to taxpayer. Appellee contends this was not an issue that could be resolved by the trial court because the money was paid into the state court in satisfaction of taxpayer's judgment and subject to capture by its creditors.[1] Therefore, appellee argues, the right to the money should be litigated between appellant and taxpayer's other creditors, in another suit. Under such circumstances a determination of the counter-claim issue by the trial court would dispose of all the issues.
 
 
 8
 Initially, we note that the pleadings raised no issue concerning this money. Nor was it argued in subsequent briefs. The issue was raised for the first time by appellant, at a hearing on a motion for a final judgment, after its appeal time had lapsed. This is an indication that the parties never considered the money to be an issue. We place the greatest importance, however, on the intention of the trial judge. United States v. Evans, 365 F.2d 95 (10th Cir. 1966). Speaking to the appellant about the money, he stated:
 
 
 9
 If you have claim to it, you can make claim to it, in an appropriate manner. I have just attempted to resolve the issues as between the two parties that were involved on that motion.
 
 
 10
 This language clearly evidences an intention that the order granting summary judgment constituted a final judgment, dispositive of all the issues before the court. Implicit therein is the trial court's acceptance of appellee's argument. Having found the order to be a final judgment, however, we need not consider the correctness of the ruling. That issue is not before us.
 
 
 11
 Appellant nevertheless argues there still was not final judgment because no separate document so entitled, distinct and apart from the order granting summary judgment, has been entered.
 
 
 12
 Rule 58 does require every judgment to be set forth on a separate document. Appellant, however, interprets this to mean that two documents are required in all cases. This is unfounded. Rule 58 applies where it is uncertain whether a final judgment has been entered, as where a trial judge writes an opinion or memerandum providing only the basis for the entry of judgment, but containing apparently directive or dispositive words such as 'defendant's motion for summary judgment is granted.' /2/ In such a situation a judgment must be set out on a document separate from the opinion or memorandum.
 
 
 13
 That problem does not exist here. The trial court wrote no opinion or memorandum, his order granting summary judgment being itself a separate document.
 
 
 14
 Appellant also relies on United States v. Indrelunas, 411 U.S. 216, 83 S.Ct. 1562, 36 L.Ed.2d 202 (1973), but we find nothing in that case inconsistent with our decision. There, the Supreme Court simply held that a docket entry did not satisfy the separate document requirement.
 
 
 15
 We find that a final judgment has been entered. Accordingly, the trial court's order is affirmed, and appellant's application for a writ of mandamus is denied.
 
 
 
 *
 Associate Justice, United States Supreme Court, Retired, sitting by designation
 
 
 [1]
 Appellee relied on 26 U.S.C. 6332(a) in depositing the money with the state court. That section provides:
 Except as otherwise provided in subsection (b), any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary or his delegate, surrender such property or rights (or discharge such obligation) to the Secretary or his delegate, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.
 
 
 [2]
 The Advisory Committee's note on the separate document requirement of Rule 58 makes this clear
 Hitherto some difficulty has arisen. chiefly where the court has written an opinion or memorandum containing some apparently direcitve or dispositive words, e. g., 'the plaintiff's motion (for summary judgment) is granted.' Clerks on occasion have viewed those opinions or memoranda as being in themselves a sufficient basis for entering judgment in the civil docket as provided by Rule 79(a). However where the opinion or memorandum has not contained all the elements of a judgment, or where the judge has later signed a formal judgment, it has become a matter of doubt whether tha purported entry of judgment was effective, starting the time running for post-verdict motions and for the purpose of appeal.
 The amended rule eliminates these uncertainties by requiring that there be a judgment set out on a separate document-- distinct from any opinion or memorandum-- which provides the basis for the entry of judgment.
 See also United States v. Indrelunas, 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973).