**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Arturo PEREZ, Defendant-Appellant.**

No. 83–2732
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

July 16, 1984.

---

Arturo Perez, pro se.

Daniel K. Hedges, U.S. Atty., James R. Gough, Asst. U.S. Atty., Houston, Tex., for defendant-appellant.

Before TATE, GARWOOD, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Arturo Perez brings this attempted appeal from the district court's denial of his motion to vacate sentence under 28 U.S.C. § 2255. We dismiss the appeal because no timely notice of appeal has been given.

On November 5, 1981 Perez pleaded guilty to Counts 4 and 6 of a multi-count indictment, Count 4 charging conspiracy to possess, with intent to distribute, marihuana in violation of 21 U.S.C. §§ 846 and 841(a)(1), and Count 6 charging possession, with intent to distribute, of approximately 745 pounds of marihuana, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Pursuant to his plea he was found guilty of these two offenses and sentenced by the district court on December 10, 1981. On February 8, 1982 Perez filed a motion to vacate sentence under 28 U.S.C. § 2255. On March 7, 1983 the magistrate recommended denial of Perez's motion to vacate. On January 12, 1984 the district court signed an order adopting the magistrate's report and denying Perez's motion to vacate,[1] and this order was entered on the docket sheet on January 25, 1984.

The only notice of appeal of record is one which was filed on September 15, 1983 and states that Perez is appealing from "the judgment/order of the United States District Court for the Southern District of Texas, Brownsville Division entered in this action on September 7, 1983." Neither the record nor the docket sheet reflects any order by the district court, or the magistrate, dated or entered on or about September 7, 1983. Perez's appellant's brief in this court states that he "submitted a 2255, Motion to Vacate Sentence. This Motion was denied. It is from this denial this appeal is taken." The only order denying the 28 U.S.C. § 2255 motion is the above-referenced January 1984 order of the district court, and it is obvious that the September 1983 notice of appeal is wholly insufficient to appeal that order.

We hold that the referenced January 1984 order of the district court meets the requirements of Rule 58, Fed.R.Civ.P.[2] Although it is styled as an "order," and not as a "judgment," this does not render it insufficient. The sixth paragraph of section 2255 contemplates that an appeal may be taken "from the order entered on the motion as from a final judgment on application for a writ of habeas corpus." Nor

1. The order states:
"ORDER
"The Court has reviewed the Magistrate's Report and Recommendation, which is hereby adopted. It is, therefore, ORDERED that Arturo Perez' Motion to Vacate be, and the same is hereby, Denied.
"The Clerk will send copies of this Order, and Magistrate's Report and Recommendation to Arturo Perez and to the United States Attorney.
"DONE at Brownsville, Texas this 12 day of January, 1984."

2. Neither appellant nor appellee asserts the contrary. We notice the matter because it relates to our jurisdiction and the nature of our action respecting this attempted appeal.

does the order in question violate the "separate document" requirement of Rule 58. The order is succinct and to the point, stating "[i]t is, therefore, ORDERED that" Perez's section 2255 motion "be, and the same is hereby, Denied." This is the way the order is docketed, in full compliance with Rule 79(a), Fed.R.Civ.P. The mere fact that the first sentence of the order adopts the magistrate's report and recommendation, does not require that two documents be used by the district court rather than one. We are not required to "mindlessly" apply Rule 58. *Weinberger v. United States*, 559 F.2d 401, 402 (5th Cir. 1977). *See also Hamilton v. Nakai*, 453 F.2d 152, 155 (9th Cir.1971), *cert. denied*, 406 U.S. 945, 92 S.Ct. 2044, 32 L.Ed.2d 332 (1972); *United States v. Clearfield State Bank*, 497 F.2d 356, 358–59 (10th Cir.1974); *Peake v. First National Bank and Trust Company of Marquette*, 717 F.2d 1016, 1019–20 (6th Cir.1983).[3] It is entirely plain that the January 1984 order of the district court was, and was intended to be, the final dispositive and adjudicatory action of the district court, rather than an opinion or findings. There is not the slightest indication or claim that anyone understood the matter in any other way. Moreover, we are not faced with an arguably belated notice of appeal, but rather only with a notice entered months before the now complained of action and directed to a nonexistent "judgment/order of the United States District Court."

There being no timely notice of appeal, the appeal is accordingly DISMISSED.

---

**3.** This case is unlike cases such as *Nunez v. Superior Oil Co.*, 535 F.2d 324 (5th Cir.1976), and *Calmaquip Engineering West Hemisphere Corp. v. West Coast Carriers Ltd.*, 650 F.2d 633, 635 (5th Cir.1981), which hold that an order granting a motion for summary judgment "itself is not an appealable order." *Calmaquip* at 635. Here, in the context of a section 2255 motion, the operative, final order *is* the order denying the motion; unlike the summary judgment context, a "judgment," as distinguished from an "order," is not contemplated or required to finally dispose of a section 2255 motion. This case also differs from cases such as *Taylor v. Sterrett*, 527 F.2d 856, 857 (5th Cir.1976), and *State National Bank v. United States*, 488 F.2d 890 (5th Cir.1974), where the document claimed to be a judgment was in fact a combination of an opinion and a judgment, the very thing Rule 58 was designed to prevent. Nothing comparable is present here.