**INTERFIRST BANK DALLAS, N.A., Plaintiff,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, Defendant-Appellant,**

**and**

**Thomas J. Wageman, Defendant-Appellee.**

**Nos. 85–1746, 86–1138.**

United States Court of Appeals, Fifth Circuit.

Jan. 30, 1987.

John W. McChristian, Jr., Kemp, Smith, Duncan & Hammond, El Paso, Tex., Mark F. Pretzat, Washington, D.C., for F.D.I.C.

John Harrell Feldt, W.B. Browder, Jr., Midland, Tex., for Wageman.

Before GARZA, DAVIS and JONES, Circuit Judges.

GARZA, Circuit Judge.

Thomas J. Wageman was an established and successful bank president and chief executive officer of the La Salle National Bank in Chicago, Illinois. In June of 1983, the Executive Committee of the First National Bank of Midland, Texas, contacted Mr. Wageman. First National was tangled in a financial web of liquidity problems, and sought to employ Mr. Wageman so that his experience and decisiveness could resurrect the bank's depressed condition. After several meetings, the Executive Committee of First National offered, and Mr. Wageman accepted, employment as the bank's new president and chief executive officer.

Mr. Wageman was given an attractive compensation package as incentive to head the troubled bank. In addition to salary, bonus and deferred compensation provisions, an escrow agreement was executed whereby First National agreed to deposit $750,000 into escrow with InterFirst Bank of Dallas. As the escrow agent, InterFirst promised to transfer $125,000 of the account's proceeds to Mr. Wageman upon the execution of the employment agreement. The remaining $600,000 was held conditionally by InterFirst until July 15, 1986, when, if not claimed by Mr. Wageman under the provisions of the employment agreement, it would revert back to First National. However, if First National was placed into receivership, liquidated or acquired by another bank, Mr. Wageman would be entitled to receive the remainder as settlement of all rights under the employment agreement.

On October 14, 1983, First National was placed into receivership. Three days later, Mr. Wageman delivered a certificate of receivership to InterFirst and demanded payment of the $600,000. The FDIC, as receiver, also demanded that InterFirst deliver to it the remainder of the escrow fund. InterFirst refused to deliver the escrow fund to either party and filed an interpleader action on December 27, 1983. InterFirst submitted the question to the district court whether the FDIC or Mr. Wageman was entitled to the principal and accrued interest in the escrow account.

The FDIC argued at trial, *inter alia,* that the transfer was void pursuant to 12 U.S.C. § 91 because it was made in contemplation of insolvency, and with a view to prefer one creditor over another. On January 23, 1985, the district court entered Findings of Fact and Conclusions of Law in favor of Mr. Wageman. The district court found that the agreements were not executed in contemplation of insolvency. A reasonably prudent person with knowledge of the banking industry and with knowledge of the condition of First National would not have concluded that the bank would be unable to meet its obligations. On the same day, the court entered a judgment, holding that Mr. Wageman recover

from InterFirst the principal amount in the escrow fund. The court also ruled that the FDIC recover the amount of accrued interest. On January 31, 1985, Mr. Wageman filed a Rule 59, Fed.R.Civ.P., Motion for Partial New Trial and Motion to Alter Judgment. Mr. Wageman's contention being that, pursuant to an agreement between him and the FDIC, he was entitled to the accrued interest on the account.

On February 1, 1985, the FDIC filed its notice of appeal from the judgment entered on January 23, 1985. On February 21, 1985, the district court granted the relief Mr. Wageman sought in his motion of January 31, 1985. The court entered an Order Altering the Findings of Fact and Conclusions of Law and Order Altering Judgment. In that order the court amended a sentence in conclusion of law number seven and altered a paragraph in the judgment entered on January 23, 1985. The altered judgment provided that Mr. Wageman also recover the amount of interest to have accrued on the escrow fund since its inception. The FDIC failed to file a new notice of appeal within 60 days of the entry of the order of February 21, 1985.

On October 22, 1985, 775 F.2d 1166, this Court refused to hear this case, dismissing the attempted appeal of February 1 for want of jurisdiction. The basis for that dismissal was that the FDIC's notice of appeal was a nullity because it was filed after Mr. Wageman's Rule 59 motion was filed and still pending. Prior to this ruling, however, on October 7 the FDIC filed a Motion to Alter Judgment with the district court and moved for entry of an Amended Judgment. The FDIC argued that the district court had to comply with Rule 58, Fed.R.Civ.P., by entering the February 21 judgment on a separate document. The district court, on November 15, 1985, granted the relief, entering an Order Altering Judgment and an Amended Judgment. On November 27, 1985, the FDIC filed a notice of appeal from the November 15 judgment.

On December 16, 1985, Mr. Wageman filed a Rule 60(b) Motion to Vacate the

November 15 Order Altering Judgment and Amended Judgment, urging that the November 15 judgment was void. On January 23, 1986, the district court, apparently perplexed by all of the procedural meanderings, realized that it did not have jurisdiction to grant the FDIC's November 15 motion, and therefore granted Mr. Wageman's Rule 60(b)(4) motion. Fed.R.Civ.P. Therefore, the district court vacated its November 15 judgment, and concluded that the February 21 order altering judgment satisfied the separate document requirement of Rule 58. Consequently, the February 21 judgment constituted the final disposition of the litigation.

On appeal to this Court, the FDIC raises several grounds for error regarding the propriety of the employment and escrow agreements. We find that we cannot address the substantive issues because of the FDIC's untimely filings in carrying this litigation to our Court. We now turn to the jurisdictional question and the reasons that we cannot accept this case on the merits.

The FDIC suggests that the February 21 judgment did not dispose of the case because it failed to meet the separate document requirement of Rule 58. Further, the FDIC believes that the district court's entry of the November 15 judgment constituted the only proper entry of judgment from which appeal lies. Therefore, the November 27 notice of appeal did fall within the time limitation for filing and this Court has jurisdiction to hear the appeal. The FDIC's suggestion glosses over several other significant events which deprive this Court of the authority to hear the appeal.

Mr. Wageman's unopposed and timely Rule 59 motion to alter judgment on January 31, was granted by the district court and an order was entered on February 21. Because the FDIC filed its initial notice of appeal after the Rule 59 motion was filed and still pending, this Court determined that, pursuant to Rule 4(a)(4), Fed.R. App.P., and *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982), the notice of appeal was a nullity, and therefore it dismissed the first appeal for lack of jurisdiction.

■ Additionally, the FDIC failed to file a timely notice of appeal from the order entered on February 21. Pursuant to Rule 54, Fed.R.Civ.P., a "judgment" includes "any order from which appeal lies." As is plainly stated in Rule 4(a)(4), the time for appeal shall run from the entry of an order granting a Rule 59 motion. The February 21 order satisfies the separate document requirement of Rule 58. Rule 58 requires that "[e]very judgment shall be set forth on a separate document." In *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978), the Supreme Court concluded that an order combining an opinion and a ruling on a motion to dismiss generally satisfied the separate document requirement of Rule 58.

■ The separate document provision should not be used to obviate a party's failure to file a timely notice of appeal in accordance with Rule 4. The fundamental purpose of the separate document provision is to clarify when the time for appeal begins to run. Rule 4(a)(4) expressly clarified that a new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the Rule 59 motion. Mr. Wageman timely moved for relief under Rule 59. The district court clearly evidenced its intent that the February 21 document operate as the final decision in the case. Hence, pursuant to 28 U.S.C. § 1291, it was incumbent upon the FDIC to file a new notice of appeal. *See Griggs*, 459 U.S. at 61, 103 S.Ct. at 403. We agree with the district court's reasoning that although Rule 58 should not operate as a trap, it should not be used to give a party the opportunity to cure a procedural error in observing an appellate deadline.

The district court acknowledged in its order of January 23, 1986, that it intended the order of February 21, 1985, to be a final decision of all matters. Moreover, the order on its face clearly indicated that it was the final disposition of the issues in dispute. As long as the order was a final decision under 28 U.S.C. § 1291 and the

procedural rules for entry of the judgment were generally satisfied, the time to file a notice of appeal commenced from the entry of the order. *See Mallis*, 435 U.S. at 386, 98 S.Ct. at 1120–21. The order of February 21, 1985 was plainly intended by the district court and was considered by the parties as the final dispositive and adjudicating action of the court.

In *United States v. Perez*, 736 F.2d 236 (5th Cir.1984), this Court stated: "We are not required to 'mindlessly' apply Rule 58." *Id.* at 238. In *Perez*, petitioner filed a timely post-conviction motion to vacate his sentence in the district court. However, after the court entered an order denying the motion, petitioner failed to file a new notice of appeal. Upon discovering that his first notice of appeal was ineffective, petitioner attempted to vacate the court's order. The district court signed an order adopting the magistrate's report and denying the motion to vacate. The order in *Perez* read:

> The Court has reviewed the Magistrate's Report and Recommendation, which is hereby adopted. It is, therefore, ORDERED that Arturo Perez' Motion to Vacate be, and the same is hereby, Denied.

> The Clerk will send copies of this Order, and Magistrate's Report and Recommendation to Arturo Perez and to the United States Attorney.

> Done at Brownsville, Texas this 12 day of January, 1984.

*Id.* at 237 n. 1. This Court noticed that there was no failure to comply with the separate document provision of Rule 58. We observed: "The mere fact that the first sentence of the order adopts the magistrate's report and recommendation, does not require that two documents be used by the district court rather than one." *Id.* at 238.

In both *Perez* and in the present appeal, the orders were "succinct and to the point." *Id.* In this case the order expressly granted the relief requested. The order is a document separately executed and docketed to dispose of a post-trial motion. It indicates a plain intent of the district court to take final, dispositive and adjudicatory action on the Rule 59 motion. As mandated by Rule 4(a)(4), a new notice of appeal must be timely filed after the district court enters its order disposing of the Rule 59 motion. Both the FDIC and Mr. Wageman treated the order as a final appealable order. Neither side raised the issue or lodged an objection to the form of the order of February 21, 1985. The FDIC, in response to Mr. Wageman's arguments, did not claim to be confused as to the effect of that order.

■ Finally, although it is not imperative that we address this point, the separate document issue already being resolved, it is important to consider the district court's authority to hear the case subsequent to February 21. The district court, in its Memorandum and Order of January 23, 1986, concluded that it did not have jurisdiction to enter the November 15, 1985 Order Altering Judgment and Amended Judgment. We agree with the district court in granting Mr. Wageman's Rule 60(b)(4) motion on that point. The court's action on November 15 was void because the FDIC's motion was filed more than 10 days after entry of the February 21 judgment. Rule 59(e) provides that a motion to alter or amend a judgment shall be served not later than 10 days after entry of the judgment. Upon expiration of the 10 day period the judgment may only be challenged pursuant to Rule 60 or pursuant to appeal. To properly challenge the February 21 disposition, the FDIC was required to either file a motion with the district court within 10 days or timely appeal the case. The FDIC took neither action.

Compliance with Rule 4 is essential to confer appellate jurisdiction. Mr. Wageman's Rule 59 motion was specifically directed to one issue, the interest on the escrow fund, and the court entered its final order adjudicating that one remaining issue on February 21, 1985. The February 21 order was clearly dispositive of the case and under *Perez* it triggered the time for filing an appeal. There was full compli-

ance with Rules 58 and 79. Fed.R.Civ.P. There was not, however, full compliance by the FDIC with Rule 4. Fed.R.App.P. For these reasons we hold that we are without appellate jurisdiction, and therefore the appeal is dismissed.