883 F.2d 76
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Randy BOWMAN, Defendant-Appellant.
 No. 89-5637.
 United States Court of Appeals, Sixth Circuit.
 Aug. 21, 1989.
 
 Before NATHANIEL R. JONES and MILBURN, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the court upon consideration of the appellant's response to this court's June 9, 1989, order directing him to show cause why his appeal should not be dismissed for lack of jurisdiction because of a late notice of appeal. The appellee has also filed a motion to dismiss on the basis that the notice of appeal was not filed within the ten-day appeal period provided by Fed.R.App.P. 4(b). Appellant's responses state that his request for an extension of time for filing the notice of appeal was denied, that there is confusion as to whether the notice of appeal should be treated as having been taken from a criminal or civil action, that he handed his notice of appeal to prison authorities for mailing on May 12, and that the district court failed to enter a judgment as required by Fed.R.Civ.P. 58. Appellant has also filed a motion for leave to proceed on appeal in forma pauperis. A ruling on such motion is unnecessary in that he was granted pauper status in the district court and that status continued on appeal.
 
 
 2
 A review of the record indicates that appellant was convicted in 1980 for attempting to escape and mailing threatening letters to the President and a federal judge in violation of 18 U.S.C. Secs. 751, 871 and 876. The conviction was affirmed by this court on June 22, 1981. On December 19, 1988, appellant filed a motion for release of records in which he requested a copy of the two volumes of transcript of his criminal trial to assist in the preparation of a 28 U.S.C. Sec. 2255 motion to vacate sentence. The motion was denied by order entered February 23, 1989, and appellant's notice of appeal from that order was received and filed in the district court on May 17, 1989.
 
 
 3
 Fed.R.App.P. 4 establishes appeal periods which run from "the judgment or order appealed...." Although Fed.R.Civ.P. 58 requires the entry of a separate judgment, a common sense application is used. The separate document provision does not obviate a party's failure to file a timely notice of appeal when it is clear that the party recognized the order appealed as the decision on the matter before the court. See Bankers Trust Co. v. Mallis, 435 U.S. 381, 386-88 (1978) (per curiam); InterFirst Bank Dallas v. Federal Deposit Ins. Corp., 808 F.2d 1105, 1108-09 (5th Cir.1987); Falls Stamping & Welding Co. v. International Union, UAW, Region II, 744 F.2d 521, 526 (6th Cir.1984). Although appellant states that at first he was unaware that he could appeal the order denying a copy of the transcript, he was aware that such order was a final disposition on the issue in dispute and the absence of a separate judgment did not prejudice him.
 
 
 4
 Although the notice of appeal was received in the district court on May 17, 1989, it shall be deemed filed on May 12, the date it was given to prison authorities for mailing. See Houston v. Lack, 108 S.Ct. 2379, 2382 (1988); Fallen v. United States, 378 U.S. 139, 144 (1964). Appellant's May 12, 1989, notice of appeal was filed seventy-eight days after entry of the district court's February 23, 1989 decision.
 
 
 5
 No matter whether a civil or criminal appeal period is applied, the notice of appeal is late. Applying the ten-day criminal appeal period as set forth in Fed.R.App.P. 4(b), the notice of appeal was due to be filed on or before March 6, 1989. The district court is permitted to extend the appeal period only thirty days beyond that date to April 5, 1989. Appellant's May 12 notice of appeal was filed thirty-seven days beyond the maximum extension period. Applying a sixty-day civil appeals period to this case in which the United States is a party, Fed.R.App.P. 4(a)(1) required that the notice of appeal be filed on or before April 24, 1989. Again, the notice of appeal deemed filed May 12, 1989, was eighteen days late. Fed.R.App.P. 4(a)(5) provides that the district court may extend the time for filing the notice of appeal upon motion filed not later than thirty days after the expiration of the appeal period or, in the instant case, on May 24, 1989. The letter transmitting appellant's motion for extension of time to the district court was dated May 25, 1989, and was received in the district court on May 30, 1989. No matter whether the case is treated as a civil or criminal appeal, the district court lacked the authority to grant the extension requested by the appellant. A late notice of appeal which fails to allege excusable neglect or good cause cannot be treated as a motion for extension of time. Pryor v. Marshall, 711 F.2d 63, 65 (6th Cir.1983).
 
 
 6
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed.R.App.P. 4 is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. McMillan v. Barksdale, 823 F.2d 981, 982 (6th Cir.1987); United States v. Hatfield, 815 F.2d 1068, 1073 (6th Cir.1987). Fed.R.App.P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal.
 
 
 7
 It is ORDERED that the appeal be, and it hereby is, dismissed. Rule 9(b)(1), Rules of the Sixth Circuit.