IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20966
Summary Calendar
_____

VIVIAN HOLLAND, Individually and Representative of Estate of
Morse Wayne Holland; MORSE W. HOLLAND, Individually and as
representative of Estate of Morse Wayne Holland; ANGELA SCOTT, as
next friend of Xavier Christopher Scott,

                                        Plaintiffs-Appellants,

versus

THE CITY OF HOUSTON; DAVID M. BOLING, LUCIOUS CARL JAMES, doing
business as Cue Club and Disco; KAREN BLACKWELL, Trustee; L.D.
BLACKWELL; HELEN BLACKWELL; BPM PARTNERS, INC.; 146 FAIRMONT,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-96-CV-2951
--------------------
November 3, 2000

Before Garwood, Higginbotham, and Parker, Circuit Judges.

PER CURIAM:[*]

     The plaintiffs, Vivian Holland, Morse W. Holland, Angela

Scott, and Xavier Christopher Scott appeal the grants of summary

judgment in favor of defendants, the City of Houston and L.D.

Blackwell.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

This court must examine the basis of its jurisdiction on its own motion. *United States v. Lister*, 53 F.3d 66, 68 (5th Cir. 1995).

After May 1997, the only parties to this case were plaintiffs and defendants L.D. Blackwell, Boling, James and the City of Houston (the City). In October 1997 all, except James, who had not appeared or answered, consented in writing to trial and final disposition by the Magistrate Judge. On July 1, 1998, the Magistrate Judge issued a sixteen page opinion granting Blackwell's motion for summary judgment as to all plaintiffs' claims and, on the same date, a one page judgment on a separate document dismissing the action against him with prejudice. On January 7, 1999, the Magistrate Judge issued a sixty-three page opinion granting the City's motion for summary judgment as to all plaintiffs' claims and granting Boling's motion for summary judgment as to all plaintiffs' state law claims but denying that motion as to plaintiffs' 42 U.S.C. § 1983 excessive force claim against Boling; the same day the Magistrate Judge issued a one page judgment on a separate document dismissing plaintiffs' suit against the City with prejudice (this judgment was entered on the docket January 8, 1999). On January 21, 1999, plaintiffs moved to dismiss their suit against Boling, and on January 25, 1999, the Magistrate Judge in a five line order granted that motion. On February 8, 1999, plaintiffs filed their notice of appeal to this court from the July 1, 1998, judgment in favor of Blackwell and the January 7, 1999, judgment in favor of the City.

By opinion issued April 20, 1999, this Court dismissed the appeal for want of jurisdiction because not all parties had been

disposed of, so there was no final judgment, and no certificate had been entered under Fed. R. Civ. P. 54(b). *Holland v. City of Houston*, No. 99-20127, 5th Cir., Apr. 20, 1999 (unpublished).

In the meantime, plaintiffs on January 14, 1999, had moved for default judgment against James, attaching an affidavit of their attorney that James had been served with process on October 21, 1996, and on January 15, 1999, the Magistrate Judge, in response to that motion, issued a show cause order reciting that James had been served on October 21, 1996, and had filed no answer, and directing him to appear before the court on January 19, 1999, to show cause why default judgment should not be entered against him. On January 19, 1999, James failed to appear, and the Magistrate Judge reset the show cause hearing for January 28, 1999 and issued orders requiring James to appear then. On January 28, 1999, James again failed to appear, and the plaintiffs presented evidence of their damages to the Magistrate Judge. However, it was not until August 1999–well after our April 1999 dismissal of the earlier appeal because not all parties had been disposed of in the trial court (there was no disposition as to James)–that any action was taken disposing of the claims against him.

On August 13, 1999, the Magistrate Judge issued a memorandum and recommendation, on the basis of the January 28, 1999, hearing, recommending that the district court enter default judgment against James and in favor of the plaintiffs for various specific amounts of damages, prejudgment and post-judgment interest, and one-fourth of costs.

On August 26, 1999, the district judge issued a two page order approving and adopting the Magistrate Judge's report and recommendation and rendering default judgment against James in the stated amounts as to each plaintiff as had been recommended by the Magistrate Judge, together with pre and post-judgment interest at specified rates and taxing one-fourth of the costs against James. This order was entered on the docket on Friday, August 27, 1999.

On September 2, 1999, the Magistrate Judge purported to enter a final judgment in the case, decreeing that plaintiffs take nothing from Blackwell, the City and Boling, and recover from James the exact sums and interest specified in the district court's August 26, 1999, order, and taxing one-fourth of the costs against James. This order was entered on the docket the same day.

On Friday, October 1, 1999, plaintiffs filed their notice of appeal, challenging the judgment in favor of Blackwell and the City.

In November 1999, Blackwell and the City filed motions to dismiss the appeal, Blackwell contending that the notice of appeal as to him should have been filed within 30 days of July 1, 1998, when the Magistrate Judge issued a Fed. R. Civ. P. 58 separate document judgment dismissing the case against him, and the City contending that Blackwell's motion was well taken and that the notice of appeal as to the City should have been filed within thirty days of January 7, 1999, when the Magistrate Judge issued a Rule 58 separate document judgment dismissing the case

against it.  On December 17, 1999, a motions panel of this court denied Blackwell's motion (and, inferentially, the City's) in a two sentence order simply stating that the motion "is DENIED. The motion is totally without merit."  Plainly, the grounds of the motion was facially without merit, as this court had already held that the case was not even appealable until sometime *after* February 8, 1999, because not all parties had been disposed of in the district court.  At that time, the only undisposed of party was James.

However, the district court order entered August 27, 1999, was a final judgment as to James and finally disposed of the case against him, and thus, all parties having been disposed of (Boling had been dismissed January 25, 1999), the time for giving notice of appeal from the July 1, 1998, judgment in favor of Blackwell and the January 7, 1999, judgment in favor of the City, each a final judgment as a separate document, commenced to run then, namely August 27, 1999.  The notice of appeal as not filed until October 1, 1999, more than thirty days after August 27, 1999, and was hence untimely.  We note that the district court's judgment as to James entered August 27, 1999, complies with Rule 58, notwithstanding its brief statement that the court has reviewed, and approves and adopts, the report and recommendations of the Magistrate Judge.  *See, e.g., United States v. Perez*, 736 F.2d 236, 237-38 (5th Cir. 1984); *Interfirst Bank Dallas v. FDIC*, 808 F.2d 1105, 1108-09 (5th Cir. 1987).

The September 2, 1999, judgment of the Magistrate Judge does not change the result.  There was no intervening tolling motion.

Simple reentry of the same judgment does not start a new notice of appeal time. *See, e.g., Wilson v. Atwood Group*, 725 F.2d 255, (5th Cir. 1984) (en banc). Moreover, the Magistrate Judge had no power to render judgment against James, as he had never consented to trial by the Magistrate Judge (and, indeed, has never appeared in any way in the case). *See, e.g., Mendes JR Intern. Co. v. M/V Sokai Maru*, 978 F.2d 920, 922-24 (5th Cir. 1992); *Caprera v. Jacobs*, 790 F.2d 442 (5th Cir. 1986).

Nor are we bound to a contrary result by the December 17, 1999, action of the motions panel. Motions panels' denials of motions to dismiss do not bind the merits panel. See cases cited in *Cimono v. Raymark Industries Inc.*, 151 F.3d 297 at 311 n.26 (5th Cir. 1998). Moreover, it is evident that the December 17, 1999 Motions Panel action was directed to the wholly different (and wholly meritless) argument for want of jurisdiction then advanced by Blackwell and the City.

Accordingly, the appeal is dismissed because the notice of appeal was untimely.

DISMISSED