# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2010

No. 10-40479
Summary Calendar

Lyle W. Cayce
Clerk

RAYMOND TORRES,

Plaintiff-Appellant

v.

ALPHONSO JAMES; DAVID A. TURRUBIATE; MICHELL THOMAS; NATHANIEL WADE; STACY MICHENS; ET. AL,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:07-CV-224

Before GARWOOD, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[*]

Raymond Torres, Texas prisoner # 860248, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous.  He also appeals the district court's denial of his Federal Rule of Civil Procedure 59 motion to alter or amend the judgment.

On appeal, Torres primarily argues that the district court erred by dismissing his complaint with prejudice and without giving him notice and an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

opportunity to amend his complaint.  However, Torres provided an explanation of his claims and extensive supporting evidence in his initial complaint.  He also was given the opportunity to further detail his claims through the use of a questionnaire and an order for a more definite statement.  Because it appears that Torres was able to present his "best case," the district court did not reversibly err by dismissing his complaint with prejudice and without a specific opportunity to amend.  *See Eason v. Thaler,* 14 F.3d 8, 9 (5th Cir. 1994); *Jones v. Greninger,* 188 F.3d 322, 327 (5th Cir. 1999).  Regarding the district court's conclusions that his specific claims were frivolous, Torres's appellate brief merely repeats each claim and argues that it establishes a constitutional violation.  He has not shown that the district court abused its discretion in denying his claims as frivolous.  *See Black v. Warren,* 134 F.3d 732, 733-34 (5th Cir. 1998).[1]

After filing a timely notice of appeal from the district court's dismissal of his complaint, Torres filed a Rule 59(e) motion to alter or amend the judgment.  Although Torres has addressed the denial of this motion in his appellate brief, he failed to actually file a notice of appeal from its denial.  *See* Fed. R. App. P. 4(a)(4)(B)(ii); *see also Williams v. Chater,* 87 F.3d 702, 704-06 (5th Cir. 1996); *InterFirst Bank Dallas, N.A. v. F.D.I.C.,* 808 F.2d 1105, 1108 (5th Cir. 1987).  As Torres has not filed a notice of appeal regarding this motion, we lack jurisdiction to consider it.  *See Bowles v. Russell,* 551 U.S. 205, 214 (2007).

AFFIRMED.

---

[1] The district court in its thorough and detailed 26 page opinion gave full and careful consideration to each of Torres's claims and allegations, and to the relevant authorities, including, among several others, *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951-54 (2009); *Sandin v. Conner*, 115 S.Ct. 2293, 2297-2302 (1995); *Black v. Warren*, *supra*; *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995); and *Murphy v. Collins*, 26 F.3d 541 (5th Cir. 1994).