# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 9, 2021

Lyle W. Cayce
Clerk

No. 19-20280

United States of America,

*Plaintiff—Appellee*,

*versus*

Amon Rweyemamu Mtaza,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CR-130-1

Before Haynes, Higginson, and Oldham, *Circuit Judges*.

Per Curiam:*

Amon Rweyemamu Mtaza pleaded guilty to one count of conspiracy to commit wire fraud, one count of wire fraud, and two counts of aggravated identity theft. After his conviction, Mtaza filed a *pro se* motion seeking return of property the government allegedly seized under Federal Rule of Criminal Procedure 41. The district court granted summary judgment to the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-20280

Government on the Rule 41 motion and subsequently denied Mtaza's motion for reconsideration. Mtaza appealed. We affirm.

I.

After Mtaza's convictions became final, he filed a motion under Federal Rule of Criminal Procedure 41(g) for return of property the Government allegedly seized from him. He filed that motion in the district court docket for his criminal proceedings. Under our precedent, a motion filed under Rule 41(g) in a criminal docket once the criminal case is closed commences a new *civil* proceeding in equity. *Bailey v. United States*, 508 F.3d 736, 738 (5th Cir. 2007); *Clymore v. United States*, 217 F.3d 370, 373 (5th Cir. 2000). Mtaza attached an affidavit listing the contested property—it included three vehicles, two boat titles, $6600 in cash, a wallet, jewelry, various electronics, a receipt, and a set of keys.

The Government moved for summary judgment. It submitted the affidavit of Agent Matthew S. Boyden of the United States Postal Inspection Service. Boyden averred the Government lawfully forfeited two of the vehicles; returned another vehicle to Mtaza's defense counsel; destroyed electronics containing contraband personal identifying information; and had never seized any of the other listed property. Mtaza opposed summary judgment and argued Boyden's testimony was not credible.

On October 18, 2018, the district court granted summary judgment in favor of the Government. On April 1, 2019, Mtaza moved for reconsideration. On April 8, 2019, the district court denied Mtaza's motion for reconsideration. On April 19, 2019, Mtaza filed a notice of appeal.

II.

There are four issues in this appeal: First, whether we have jurisdiction over the district court's summary judgment order. Second,

No. 19-20280

whether the district court erred in granting summary judgment to the Government on Mtaza's Rule 41(g) motion. Third, whether the district court ought to have granted Mtaza leave to amend his complaint to add a *Bivens* claim. And fourth, whether it was an abuse of discretion for the district court to deny reconsideration. We consider each in turn.

A.

The Government argues that Mtaza untimely appealed the district court's summary judgment order. Time-to-appeal limitations are jurisdictional, *see Bowles v. Russell*, 551 U.S. 205, 214 (2007), so we first assure ourselves that Mtaza was timely. He was.

1.

We start with the relevant rules. In civil cases where the United States is a party, a litigant must notice his appeal "within 60 days after entry of judgment." FED. R. APP. P. 4(a)(1)(B); *accord* 28 U.S.C. § 2107(b). Generally, that clock begins to run when the court enters its judgment in the docket and the earlier of two events occurs: (A) the judgment is set forth in a separate document; *or* (B) 150 days pass. FED. R. CIV. P. 58(c)(2). Where a party files a timely motion asking the court to reconsider its decision, the appeal clock doesn't start until the court decides the motion. *See* FED. R. APP. P. 4(a)(4)(A) ("If a party files in the district court [any of the enumerated motions]—and does so within the time allowed by those rules— the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion.").

Here, the district court granted summary judgment and dismissed Mtaza's Rule 41(g) motion on October 18, 2018. The court never set forth its judgment in a separate document, so judgment was "entered" on March 18, 2019—150 days from the order's entry in the docket. *See* FED. R. CIV. P. 58(c)(2)(B) (the 150-day rule); *Freudensprung v. Offshore Tech. Servs., Inc.*,

379 F.3d 327, 336 (5th Cir. 2004) ("That the . . . order was final and otherwise appealable does not in itself excuse the district court from Rule 58's separate document requirement.").

Mtaza filed a motion for reconsideration 14 days later on April 1, 2019. That motion was timely because Mtaza had 28 days from the entry of judgment to move under Rule 59(e). FED. R. CIV. P. 59(b) (Rule 59 motion must be filed "no later than 28 days after the entry of judgment"); *Demahy v. Schwartz Pharma Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam) (where filed within 28-day period, motion for reconsideration treated as Rule 59 motion to alter or amend judgment); *cf. id.* (where filed outside the 28-day period, motion for reconsideration treated as Rule 60(b) motion for relief from judgment). And because that filing was timely, it reset the limitation period for noticing an appeal. *See* FED. R. APP. P. 4(a)(4)(A)(iv) (time to appeal runs from resolution of properly filed Rule 59 motion). The district court denied the motion for reconsideration on April 8, 2019, thus starting the 60-day clock for noticing an appeal. Mtaza noticed his appeal eleven days later, on April 19, 2019—well within the allotted time.

Because Mtaza's notice of appeal was timely, we have jurisdiction to consider the merits of the district court's grant of summary judgment.

2.

In the dissent's view, the district court's order granting summary judgment was sufficiently "self-contained" and succinct to satisfy Rule 58's separate-document requirement. *Post*, at 13–14 (Haynes, J., dissenting). Accordingly, the dissent argues, Mtaza's notice of appeal was untimely and we may review only the district court's denial of the motion for reconsideration. There are at least three problems with that.

First, the dissent contravenes the text of Rule 58. The Rule is unequivocal: "Every judgment and amended judgment must be set out in a

separate document." FED. R. CIV. P. 58(a). The only exceptions are orders resolving motions under Rules 50(b), 52(b), 54, 59, or 60. *See id.* 58(a)(1)–(5). By implication, a separate document setting forth the judgment is required for every *other* kind of "order." *See United States v. Vonn*, 535 U.S. 55, 65 (2002) (referencing the canon that "expressing one item of a commonly associated group or series excludes another left unmentioned"). Here, the district court's order resolved a summary judgment motion under Rule 56, so a document separate from that order was necessary. True, the district court's order might be characterized as short and succinct. *See post*, at 13–14 (Haynes, J., dissenting). But nothing in the text of Rule 58 makes the separate-document requirement turn on the lengthiness of the appealed-from order.[1]

Second, even if it were ambiguous whether the district court's order satisfied Rule 58(a), the Supreme Court has told us to resolve such ambiguity in a way that preserves a litigant's appeal rights. In *Bankers Trust Co. v. Mallis*, the Court gave its canonical explanation of the "sole purpose of the separate-document requirement." 435 U.S. 381, 384 (1978) (per curiam). Prior to enactment of Rule 58(a), "some difficulty ha[d] arisen, chiefly where [a] court ha[d] written an opinion or memorandum containing some apparently directive or dispositive words, e.g., 'the plaintiff's motion for summary judgment is granted.'" *Id.* (quotation omitted). In such cases, there was "a matter of doubt whether the purported entry of judgment was

---

[1] Even if we accept that a "self-contained order that provided all the relief granted without any facts, law, or analysis" could constitute a separate document, *see post*, at 12 (Haynes, J., dissenting), we might still reach the same result. The district court's order made a factual finding essential to resolution of the 41(g) motion: "[T]he United States does not have custody of any of the properties listed by the Defendant on Exhibit A to his motion." The order also explained "that no genuine issue exists as to any material fact and that the United States is entitled to judgment as a matter of law." The order thus contained both "facts" and "law."

effective, starting the time running for post-verdict motions and for the purpose of appeal." *Id.* at 385. Rule 58 "eliminate[d] these uncertainties by requiring that there be a judgment set out on a separate document." *Id.* Importantly, the Court made clear "[t]he rule should be interpreted to *prevent loss of the right of appeal, not to facilitate loss.*" *Id.* at 386 (quotation omitted) (emphasis added). The dissent would have us do the opposite, and in doing so return to the old days of uncertainty as to when judgment is entered for purposes of noticing an appeal.

Third, the dissent's primary authority is distinguishable. *See post*, at 12 (Haynes, J., dissenting) (citing *United States v. Perez*, 736 F.2d 236 (5th Cir. 1984) (per curiam)). In *Perez*, a prisoner filed a notice of appeal months before the district court entered an order resolving his 28 U.S.C. § 2255 motion. *See id.* at 237. The panel held Perez's notice of appeal was untimely after noting the district court's "succinct" order complied with Rule 58. *See id.* at 237–38. Crucially, the panel explained that a district court's order on a § 2255 motion (at issue in *Perez*) was different than a summary judgment order (at issue here) for purposes of Rule 58: "unlike the summary judgment context, a 'judgment,' as distinguished from an 'order,' is not contemplated or required to finally dispose of a section 2255 motion." *Id.* at 238 n.3. *Perez* thus distinguished its holding from a summary judgment case "where the document claimed to be a judgment was in fact a combination of an opinion and a judgment, *the very thing Rule 58 was designed to prevent.*" *Id.* (emphasis added). If anything, *Perez* supports strict adherence to Rule 58 here.[2]

---

[2] The dissent further objects to our "sua sponte granting of jurisdiction." *Post,* at 11 (Haynes, J., dissenting); *see also id.* ("[W]hile we have to reach sua sponte whether we lack jurisdiction, we do not have to sua sponte search to find jurisdiction."). To suggest we "grant" jurisdiction in this case—or any case—misunderstands the jurisdictional question. Congress has instructed that "no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review" unless a

No. 19-20280

B.

Having determined we have jurisdiction to review the district court's summary judgment order, we do so *de novo. Petro Harvester Operating Co., L.L.C.*, 954 F.3d 686, 691 (5th Cir. 2020).

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED R. CIV. P. 56(a). In the context of Rule 41(g) motions, summary judgment should lie where the government shows that it does not have the claimant's property. *Bailey*, 508 F.3d at 740 ("[T]he government cannot return property it does not possess . . . ."). Mtaza argues that the Government failed to carry that burden. We disagree.

In his Rule 41(g) motion, Mtaza sought the return of three vehicles, two boat titles, $6600 in cash, a wallet, jewelry, various electronics, a receipt, and a set of keys. In moving for summary judgment, the Government acknowledged it had seized two vehicles—a 2006 Maserati and 2007 Mercedes Benz—but explained that those vehicles were forfeited in Mtaza's plea agreement and sold to set off a restitution order. It also acknowledged seizing the third vehicle—a Range Rover—but stated that it had released that vehicle to Mtaza's defense counsel. As to the remainder of the property, the Government introduced the sworn affidavit of U.S. Postal Inspector

---

timely notice of appeal is filed. 28 U.S.C. § 2107(a). That instruction limits our jurisdiction. *Hamer v. Neighborhood Hous. Servs.*, 138 S. Ct. 13, 17 (2017) ("[A] provision governing the time to appeal in a civil action qualifies as jurisdictional . . . if Congress sets the time."). Given this statutory command, we are obligated to determine when the "entry of . . . judgment" took place, and whether a subsequent notice of appeal was timely. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented."). Our conclusion that Mtaza's notice of appeal was timely is therefore a determination that the summary judgment order falls within jurisdiction granted *by Congress*. And reaching that issue is mandatory, not discretionary.

Matthew S. Boyden. Boyden explained that "seized documents and phones and laptops contained contraband (personal identifying information of others) and were all destroyed." Boyden maintained that the United States never seized, and did not have possession of, any of the other property Mtaza identified.

In response, Mtaza argues only that Boyden's affidavit is not credible. That assertion is insufficient to create a genuine dispute of material fact. *Cf. Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.*, 831 F.2d 77, 81 (5th Cir. 1987) ("We hold that where a party opposing summary judgment alleges that the affidavits upon which the motion is based are perjured, and presents evidence that could lead a reasonable person to doubt the credibility of the affiants' testimony, summary judgment should not be granted."); *see also* 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2726 ("[S]pecific facts must be produced in order to put credibility in issue so as to preclude summary judgment. Unsupported allegations that credibility is in issue will not suffice.").

## C.

In the alternative, Mtaza argues that the district court abused its discretion by denying him leave to amend his complaint to add a claim for monetary damages under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Mtaza relies on our decision in *Pena v. United States*, 157 F.3d 984 (5th Cir. 1998). There, we noted that a Rule 41(g) movant whose property had allegedly been destroyed by the Government "presented the facts necessary for an action under *Bivens*." *Id.* at 987.

In the 22 years since *Pena*, the Supreme Court's instructions regarding *Bivens* claims have changed significantly. *See Hernandez v. Mesa*, 140 S. Ct. 735, 750 (2020) (Thomas, J., concurring) ("[T]he Court has consistently refused to extend the *Bivens* doctrine . . . even going so far as to

suggest that *Bivens* and its progeny were wrongly decided."). Nowadays, "*Bivens* claims generally are limited" to three circumstances: (1) manacling a plaintiff in front of his family in his home and strip-searching him in violation of the Fourth Amendment; (2) discrimination on the basis of sex by a congressman against a staff person in violation of the Fifth Amendment; and (3) failure to provide medical attention to an asthmatic prisoner in federal custody in violation of the Eighth Amendment. *Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020). Extending *Bivens* beyond those contexts is a "disfavored judicial activity," *id.*, and we cannot do so where "special factors" counsel against it, *see Ziglar v. Abbasi*, 137 S. Ct. 1843, 1860 (2017).

We need not determine whether any "special factors" exist here. For present purposes, it is sufficient to note that none of the heretofore-recognized *Bivens* claims apply to the deprivation of property. We therefore cannot say that the district court's refusal to entertain a *Bivens* claim here was based on an erroneous view of the law.

## D.

After the district court granted summary judgment, it denied Mtaza's motion for reconsideration. Mtaza argues that was wrong. We disagree.

Reconsideration after judgment is "an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). That remedy is appropriate only where necessary to "correct manifest errors of law or fact or to present newly discovered evidence." *Id.* (quotation omitted).

Mtaza has failed to meet this high bar. In his motion for reconsideration, Mtaza largely repeated arguments he made in opposition to summary judgment, and complained that he was given insufficient notice of his obligations as the nonmovant in summary judgment proceedings. A motion for reconsideration "is not the proper vehicle for rehashing evidence,

No. 19-20280

legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* And nothing suggests Mtaza was denied the opportunity to present evidence and arguments to rebut the Government's summary judgment showing. Indeed, Mtaza requested—and was granted—an extension of time to file a response to the Government's motion for summary judgment. He filed that response; the district court simply rendered judgment in favor of the Government.

\*      \*      \*

The judgment of the district court is AFFIRMED.

HAYNES, *Circuit Judge*, concurring in part and dissenting in part:

I respectfully dissent from the determination set forth in Section II.A.1 of the majority opinion. For the reasons set forth below, I conclude that the October 18, 2018, order (the "October Order") was a final order and complied with the separate-document rule under Federal Rule of Civil Procedure 58. I am not the only one who thought so: both sides thought that as well; neither made a Rule 58 argument until the panel requested briefing on it well after the fact. I also, therefore, object to the sua sponte granting of our jurisdiction (while we have to reach sua sponte whether we lack jurisdiction, we do not have to sua sponte search to find jurisdiction). Accordingly, I conclude that we lack jurisdiction to address the issues in Sections II.A.2–3 and, therefore, would not reach them. Because we have jurisdiction over the motion for reconsideration appeal (albeit as a Rule 60, not a Rule 59 motion), I concur in the denial of that portion of the appeal and would affirm that portion of the district court's ruling, while dismissing the rest of the appeal for lack of jurisdiction.

Turning to the Rule 58 question, under Rule 58, "[e]very judgment and amended judgment must be set out in a separate document" unless an order disposes of five enumerated types of motions, which are not at issue here. FED. R. CIV. P. 58(a). A "judgment" is defined in Rule 54(a) and "includes . . . any order from which an appeal lies." *See also* 12 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE – CIVIL § 58.02 (Matthew Bender 3d ed.). Therefore, to satisfy the separate-document requirement of Rule 58, a document entitled "judgment" is not required. Rather, Rule 58 is satisfied when a district court issues a (1) self-contained document that (2) states all the relief granted by the court and (3) does not contain any facts, law, or analysis. *Id.* § 58.05. As to the last requirement, some minimal explanation is permitted, so long as it is "sparse and does not engage with the issues raised by the parties." *Id.*

In that regard, we have held that a self-contained order that provided all the relief granted without any facts, law, or analysis was a separate document on at least three occasions.[1] *United States v. Perez*, 736 F.2d 236, 237–38 (5th Cir. 1984) (per curiam) (holding that a succinct standalone order denying a § 2255 motion without including facts, law, or analysis satisfied Rule 58); *InterFirst Bank Dall., N.A. v. FDIC.*, 808 F.2d 1105, 1108–09 (5th Cir. 1987) (holding the same on a district court's order on a Rule 59 motion); *Ellison v. Conoco, Inc.*, 950 F.2d 1196, 1203 (5th Cir. 1992) (holding the same on a district court's order on a motion for judgment notwithstanding the verdict).[2] So have at least six other circuit courts. *RR Vill. Ass'n, Inc. v.*

---

[1] A few of our cases are unclear on this point. *See Calmaquip Eng'g W. Hemisphere Corp. v. W. Coast Carriers, Ltd.*, 650 F.2d 633, 635–36 (5th Cir. Unit B July 1981) (holding that a district court order granting summary judgment did not satisfy Rule 58); *Nunez v. Superior Oil Co.*, 535 F.2d 324, 325 (5th Cir. 1976) (per curiam) (holding that a district court "ruling" granting summary judgment did not satisfy Rule 58); *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 335–37 (5th Cir. 2004) (holding that a district court order that stayed arbitration without "lengthy factual and legal conclusions" and "administratively closed" the case did not satisfy Rule 58). None, however, are contrary to concluding that the October Order is separate. In *Calmaquip* and *Nunez*, we did not describe the summary judgment orders at issue; it is thus unclear whether the orders were self-contained or included facts, law, or analysis. *See Calmaquip*, 650 F.2d at 635 (stating only that summary judgment was entered); *Nunez*, 535 F.2d at 325 (stating only that "the district court rendered a 'ruling' granting . . . summary judgment"). In *Freudensprung*, the appellees "concede[d] that the district court never entered a separate judgment document" and instead argued that the district court's order was "not subject to the separate document requirement" because it was final and appealable. 379 F.3d at 335. Therefore, the question we addressed in *Freudensprung* was whether a final and appealable order was exempt from Rule 58's separate-document requirement. *See id.* at 336–37.

[2] Although the current version of Rule 58 does not require a separate document for orders on Rule 59 motions and motions for judgment notwithstanding the verdict, those exceptions were included after we decided *InterFirst Bank Dallas* and *Ellison*, in 2002. *See* FED. R. CIV. P. 58 advisory committee's note to 2002 amendment. Thus, the holdings of those two cases remain relevant.

Additionally, the fact that *Perez* concerned an order on a § 2255 motion, which does "not contemplate[]" a judgment, is not dispositive. *See InterFirst Bank Dall.*, 808 F.2d at 1108–09 (holding that a non-§ 2255 order satisfied Rule 58); *Ellison*, 950 F.2d at 1202–03

*Denver Sewer Corp.*, 826 F.2d 1197, 1201 (2d Cir. 1987) (holding that "a one-sentence order denying a motion satisfies the separate-document requirement" of Rule 58 but that "an order that is part of a district court opinion or memorandum does not"); *Local Union No. 1992 of Int'l Brotherhood of Elec. Workers v. Okonite Co.*, 358 F.3d 278, 284–85 (3d Cir. 2004) (holding that a self-contained order that succinctly disposed of all the relief requested and provided nothing else satisfied Rule 58); *In re Schimmels*, 85 F.3d 416, 421–22 (9th Cir. 1996) (holding that a self-contained order that granted summary judgment without discussing the facts or law satisfied Rule 58); *United States v. Clearfield State Bank*, 497 F.2d 356, 358–59 (10th Cir. 1974) (holding that a self-contained order that granted summary judgment without discussing the facts or law satisfied Rule 58); *Vaquería Tres Monjitas, Inc. v. Comas-Pagán*, 772 F.3d 956, 959–60 (11th Cir. 2014) (holding that the district court's order, which contained five numbered provisions that disposed of claims but did not provide legal analysis or engage with the parties' issues, satisfied Rule 58); *Kidd v. Dist. of Columbia*, 206 F.3d 35, 38–39 (D.C. Cir. 2000) (holding that the district court's self-contained order that granted the defendant's motion for summary judgment and did nothing else satisfied Rule 58).

Consistent with our court's and other circuits' precedent, the October Order satisfies Rule 58's three requirements. First, the October Order is self-contained. Second, it disposes of the relief requested: it grants the Government's motion for summary judgment and denies Mtaza's motion for return of seized properties, leaving nothing else to be decided.[3]

---

(holding the same); *see also, e.g.*, *In re Schimmels*, 85 F.3d 416, 421–22 (9th Cir. 1996) (holding that a summary judgment order satisfied Rule 58).

[3] Indeed, if it did not resolve all the matters pending in the court, the problem would not be a Rule 58 problem but a finality problem. *See Williams v. Taylor Seidenbach,*

Third, the order does not include any facts, law, or analysis that in any way "engage[s] with the issues raised by the parties." MOORE'S FEDERAL PRACTICE – CIVIL § 58.05; *see Kidd*, 206 F.3d at 38–39 (holding that a summary judgment order with one legal and one factual statement satisfied Rule 58).

The fact that Rule 58(a) exempts orders on certain enumerated motions does not mean that this Rule required two copies of the October Order to be filed. Indeed, no circuit has interpreted Rule 58(a)'s exemption as requiring such. *See In re Schimmels*, 85 F.3d at 421 (noting that the separate-document rule "does not always require the filing of two separate documents"); *see also, e.g.*, *Vaquería*, 772 F.3d at 959–60. The real question of the separate-document rule is, what is it separate from?

The rule requires only that the court enter a judgment in a standalone document; "it does not require that a court enter an initial memorandum or opinion." *In re Schimmels*, 85 F.3d at 421. So when a district court does not enter an opinion, as in this case, then no additional document is required beyond the order ruling on the motion. *See, e.g.*, *Clearfield*, 497 F.2d at 359 (holding that, if the district court "wrote no opinion or memorandum, [the] order granting summary judgment [is] itself a separate document" that complies with Rule 58). Put another way, the point of the rule is to require that the final judgment/order not be mixed in with the reasoning underlying that judgment/order. *See* FED. R. CIV. P. 58 advisory committee's note to 1963 amendment (stating that the separate-document rule was created to eliminate uncertainties created when a district court writes an opinion or memorandum containing directive or dispositive words that could be

---

*Inc.*, 958 F.3d 341, 343, 346–49 (5th Cir. 2020) (en banc) (explaining the need for finality and ways to achieve it).

construed as a judgment by requiring a separate document "distinct from an[] opinion or memorandum"); *Perez*, 736 F.2d at 238 n.3 (noting that "the very thing Rule 58 was designed to prevent" is a party claiming that a document was a judgment when it was "a combination of an opinion and a judgment"). It would make little sense to require a court to enter two identical orders (which is what would have been done here if that is how Rule 58 is construed, since the order did not give reasoning) just so one is "separate" from the other. Where, as here, the summary judgment order did not include any facts, law, or analysis, the order functions as a judgment that satisfies Rule 58. *See Clearfield*, 497 F.2d at 359; *see also In re Schimmels*, 85 F.3d at 421; *Kidd*, 206 F.3d at 38.

In sum, our case law and that of other circuits holds that an "order" constitutes a separate judgment document if it is self-contained, disposes of the relief requested, and does not contain anything else. The October Order is such an order. Therefore, the time to file a Rule 59 motion began on October 18, 2018, the date of the October Order, and Mtaza had 28 days after October 18 to file one. Because Mtaza moved for reconsideration after the 28-day deadline and did not file an appeal until more than thirty days after the October Order, his motion for reconsideration was a Rule 60 motion, and we lack jurisdiction over all the issues other than those pertaining to the Rule 60 motion. For these reasons, I dissent from Section II.A.1, would dismiss for want of jurisdiction the issues in Section II.A.2-3, and concur in the affirmance of the district court's denial of the motion for reconsideration.